## RATCLIFF MORROW v. THE STATE OF KANSAS.

1. PRACTICE—FINAL ORDER—*Mode of Reviewing Certain Questions.* Where money deposited by the defendant in a criminal prosecution, and in lieu of bail, has been forfeited in consequence of a failure of such defendant to appear and answer, as required, and an order is made by the court requiring the clerk having custody of the money to turn it over to the proper county treasurer, *held* that such an order is a final one, within the meaning of the statute, and as such is reviewable on error to this court.

2. BAIL—*Deposit of money—Recognizance.* Where money has been deposited with the clerk in the place of bail, no such recognizance is required to be entered into or executed by the defendant making such deposit as must be given in other cases. The making of the necessary deposit, and the delivery of the certificate thereof to the sheriff in whose custody he may be, are the only acts required of such defendant in order to his discharge.

3. FORFEITURE *of Money Deposit—How made.* Where money is deposited in lieu of bail, and the defendant fails to appear, it is only necessary, in order to declare a forfeiture, that the court should direct the fact of the deposit, and of the defendant's neglect to appear, to be entered of record. The forfeiture then follows as a matter of course, and the court has only to direct the clerk to pay the money over to the county treasurer.

*Error from Miami District Court.*

RATCLIFF MORROW was charged by information with grand larceny; and being arrested and in custody he gave his personal recognizance as follows:

"Be it remembered, that on the 13th day of April, 1869, Ratcliff Morrow personally appeared *before me, a clerk of the district court* in and for Miami county, State of Kansas, and acknowledged himself to owe the State of Kansas the sum of $800, to be levied of his goods and chattels, lands and tenements, if default be made in the following condition, to-wit: The condition of this recognizance is such, that if the above named Ratcliff Morrow shall be and appear before the District Court of the State of Kansas, in the 10th judicial district, of Miami county, on the first day of the term thereof next to be holden in and for said county, to answer to a charge of grand larceny, as set forth in information number one, on file in said court, and abide the judgment of said court and not depart without leave, then this recognizance shall be void—otherwise it shall remain in full force and virtue."

And at the same time, and in "lieu of bail," or surety in said recognizance, said *Morrow* deposited with the clerk of said court $800 in money, and took his receipt therefor. The clerk entered on the journal the fact that such recognizance had been taken, and such deposit had been made, and that he "approved" the same; and said clerk thereupon made the certificate required by § 145 of the criminal code, Gen. St., p. 843, on which the sheriff released said defendant.

Afterward, at the time fixed for the defendant's appearance in court, said *Morrow* was duly called, and failing to appear his default was entered, and his recognizance adjudged to be forfeited. The county attorney thereupon brought suit upon said recognizance to recover the pen-

alty therein stated, and in such action judgment was rendered against said *Morrow* and in favor of *The State* for $800. Morrow removed the cause to this court, where, at the January Term, 1870, (5 Kas., 563,) said judgment was reversed, the court holding that said "recognizance" was void, as the *clerk of the court* had no right to take the same.

After the decision mentioned was made, and the cause remanded, and at the May Term, 1870, the county attorney applied to the district court for an order requiring the clerk to pay over to the county treasurer the money deposited with him in lieu of bail. The record, on the hearing and decision of said motion, is as follows:

[TITLE:] "This cause came on to be heard on the motion herein filed, to the tenor and effect that the court order the clerk of this court to turn over to the treasurer of Miami county the sum of $800 heretofore deposited by said defendant with the said clerk instead of bail; and the court, after hearing the evidence in the case, the argument of counsel, and being fully advised in the premises, doth sustain said motion. And thereupon, *it is ordered*, that the clerk of this court turn over to the treasurer of said Miami county said sum of $800, so deposited as set forth in said motion. To which ruling and order, the said defendant excepts."

From this order *Morrow* appeals, and he brings the case here by "petition in error," claiming that as the "recognizance" was void, there could be no legal forfeiture of the money deposited in lieu of bail.

The counsel for *The State* made the point here, that, as the original proceedings against *Morrow* were criminal, the case should have been brought here by *appeal*, in form, (§§ 281 to 285, crim. code, p. 865,) and not by petition in error, and asked that the "petition in error" be dismissed.

*Simpson & Gilkinson,* and *Massey & Tousley,* for plaintiff in error :

1. Proceedings in error is the proper remedy in this case. An *appeal,* as such, can only be taken from a judgment of conviction. A judgment is the final determination of the rights of the parties in an action. Civ. Code, § 395.

The foundation of this proceeding was a *motion* in a criminal cause. No final determination was made in the case, hence no right of *appeal* existed; and a review by *petition in error* is the only remedy, and it is the proper one. The order relative to the money deposited, was not one in the ordinary course of a criminal trial, but was one in the nature of a civil proceeding.

2. The order relating to the money was a " final order" within the meaning of the civil code. It was proper for the court to make the order complained of, and having been once made, the money could not be recovered by the plaintiff in error without some proceeding bringing before the reviewing court the errors complained of. The money was in the county treasury by virtue of an order of the court. That order, as to the disposition of the money was practically and in its scope and nature final. It could not be attacked collaterally. It is an order contemplated in §§ 542, 543 of the civil code.

. 3. The order complained of is erroneous, because the recognizance given by plaintiff in error was void. *Morrow v. The State,* 5 *Kas.,* 563.

This being so, every act by virtue of the recognizance is void. The money was deposited in lieu of the signature of a surety on a paper void in its inception. The signature would not have made the recognizance valid. " Bail," as used in § 145 of the criminal code, means " surety;" §§ 146 to 153. This is the proper

import of the word. 4 Black. Com. ch. 22; 1 Arch. Cr. Pr., 184; 1 Burrill Law Dic., 173.

There is no order forfeiting the money, and no such order could have been sustained. The officer taking the recognizance had no authority to take the same, and therefore no authority to receive money in lieu of sureties thereon. The plaintiff in error was not in default; he was not legally bound to appear.

*Wagstaff & Smith*, for the State:

1. An *appeal* is the remedy, if one exists, for the plaintiff in error. The money was deposited to *secure* the attendance of the defendant. This was a proceeding in a criminal action, one by virtue of which the money as a forfeit and penalty was turned over to the county treasurer pursuant to the law governing in criminal proceedings.

The statute points out a complete remedy, a proceeding by which may be reviewed any reviewable step taken in a criminal case. Art. 14, crim. code.

Error is a proper remedy only when a *civil* action has been commenced, or when, in special proceedings of a civil nature that remedy is specially pointed out. The order complained of is not a final order within §§ 542, 543, civil code. It did not determine the action, nor prevent a judgment. It was not a "special proceeding" named in that section. It is not an order "involving the merits of an action," either civil or criminal, or any part thereof.

2. The order complained of was right. The money was deposited by virtue of § 145, crim. code. The defendant was released on the certificate of deposit with the clerk delivered to the sheriff. The recognizance cuts no figure in the case. A personal recognizance is not required by the law when money is deposited. All that is necessary

to sustain the order is, that the record should show the deposit, and a default in appearing. The money does not take the place of sureties. Section 145 stands apart from all provisions relating to recognizances. A deposit by virtue thereof, is a separate and different matter from a recognizance. The latter is a written obligation of record. The theory of a recognizance is, that the defendant is placed in the friendly custody of the bail—his sureties; and the obligation is between them, the defendant, and the State. This case must proceed on a different theory. The deposit of money takes the place of all the proceedings relative to the recognizance. The sections pertaining to recognizance, cannot be made to apply to a deposit; §§ 152, 153, 155. The deposit is at all times subject to the order of the court, after default in appearing, and cannot be reached by execution; and a judgment on the recognizance would be unavailing as to the money. A motion and order were the proper remedy, the money being under control of the court. The failing to appear transferred the title to the money deposited. The *law* works the forfeiture as soon as a default is made. The money should be treated as money recovered on recognizance.

The opinion of the court was delivered by

SAFFORD, J.: A question has been raised upon the argument as to the form of proceeding by which this case should have been brought to this court. The

1. PRACTICE. Proceedings against bail, and to apply money deposited in lieu of bail, in criminal actions, are themselves special proceedings, and quasi civil.

point is of but little general or practical importance, and hence it will be necessary for us to do but little more than to express an opinion as to the course which the plaintiff in error by his counsel has seen fit to pursue in

the particular referred to. We think that the course pursued is the proper one. The order complained of was made with reference to a subject matter entirely disconnected from the merits of the prosecution against the defendant below upon a criminal charge, and in what may properly be called a "special proceeding," as that term is used in the General Statutes; § 543, p. 736. Such proceeding had for its object the forfeiture of money deposited in lieu of bail, and its disposition according to law; and the order made, (a forfeiture having been previously obtained,) determined the latter of these questions, so far as the court below was concerned. It certainly was an order affecting a substantial right, and being made in a special proceeding as we have seen, was a "final order" within the meaning of the code, and reviewable on error to this court.

II. But it is claimed that under the circumstances of this case, no proper or lawful forfeiture of the money deposited by the defendant below in lieu of bail, was, or could be had; and the basis of the objection is, that the recognizance which was taken by the clerk was of no effect as being unauthorized by law. That the recognizance was void, has been determined by this court in a case brought here by this same plaintiff in error: *Morrow vs. The State*, 5 Kas., 563. But the fact that the said *recognizance* is void does not necessarily defeat the validity of the forfeiture as claimed, and we think that a fair and liberal construction of the statute will show that such is the case. Section 135, ch. 82, Gen. St. 1868, requires the court to order the amount in which persons charged by indictment or information are to be held to bail; and subsequent sections treat of the giving of bail, the requisites of

2.——Not necessary to take a "recognizance," when money is deposited in lieu of bail.

recognizances, how executed, what shall be done with them, the qualifications of sureties, etc. It is then provided in § 145, that " the defendant may, *in the place of giving bail*, (by entering into a recognizance with sureties to appear, as before provided,) *deposit with the clerk of the court* to which he is held to answer *the sum of money mentioned in the order*, (§ 135,) and upon delivering to the sheriff the certificate of deposit, he must be discharged from custody." Now, a fair construction of this section would seem to indicate, that upon the deposit of money in lieu of bail, and the delivery of the certificate thereof to the sheriff, there was nothing more to be done by, or required of, the defendant; and there is certainly nothing in this section, or in previous provisions, which gives any intimation that when he *deposits money* in lieu of bail he is also required to enter into and execute a " recognizance." The money deposited by him is the pledge for his appearance, when his presence may be lawfully required; and the certificate of deposit delivered to the sheriff, shows, or should show, the circumstances or conditions under which such deposit is made; and to require anything further, it seems to us, would be useless, as well as outside of the law. It may be urged that § 152 recognizes the view that in every case a recognizance is required to be executed. It may be true that it does, by implication, and standing by itself; but when construed with the other sections referred to as bearing upon the subject of bail and recognizances, we have no difficulty in so construing it as to give reasonable effect to every part of it, and yet, so as not to defeat the views above expressed. We are therefore of the opinion that in a case where money is deposited in the place of bail, there is nothing in the statute requiring that a recognizance

"in form" shall also be executed as is done in other cases.

III. It is further claimed upon the argument, that there has been no order declaring the money forfeited, by reason of the non-appearance of the plaintiff in error to answer the charge pending against him. This may be true, as a matter of form; but we think that the record shows that the court below acted in the premises substantially as the law directs. At the time when the plaintiff in error was to appear, he was solemnly called, but came not, as he was bound to do if he would save his money from forfeiture. This appears of record; and thus is met the requirement of the statute that the court must direct the fact of the defendant's neglect to appear to be entered upon the minutes. And this having been done, the forfeiture of the money deposited in place of bail followed, under the law, as a matter of course; (§ 152;) and it was not error in such case for the court to direct the forfeited money to be turned over to the county treasurer.

The order of the district court must be sustained.

All the Justices concurring.

*3.——Entry of defendant's default operates as a forfeiture of money deposited:*