## LYON *v.* WILDER *et al.*

(*Superior Court of New York City, General Term.* June 20, 1888.)

COSTS—BOND FOR—PAYMENT INTO COURT BY SURETY.

Where plaintiff is ordered to file an undertaking or pay $250 towards the costs of one of two defendants, and one of the sureties in the undertaking, instead of justifying, pays $250 to the clerk of the court, who gives plaintiff's attorney a receipt therefor, and the money was by order of court used in part to pay the costs of the other defendant, the surety is not aggrieved by the order, as he is the creditor of the plaintiff, and not the owner of the money.

Appeal from special term; CHARLES H. TRUAX, Judge.

Edward Lyon, receiver of the Coliseum Company, sued Jane B. Muxlow and Edward P. Wilder, defendants. The court ordered plaintiff to file security for costs of defendant Muxlow, or deposit $250. Charles Forbes, a surety on the undertaking, to avoid justifying, deposited $250 with the clerk. The court ordered a portion of this money to be paid to defendant Wilder for his costs. From this order the surety appealed, claiming the money was deposited only to pay the costs of Muxlow.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*John H. Parsons,* for appellant. *Charles H. Kitchel,* for defendant Wilder. *Theodore F. Sanxay,* for plaintiff.

SEDGWICK, C. J. In the course of the action the defendant Muxlow had applied for an order compelling the plaintiff to pay into court the sum of $250, to be applied to the payment of defendant Muxlow's costs, or file an undertaking, etc. The plaintiff commenced to obey the order by filing an undertaking. The sureties preferred not to have the trouble of attending for justification, and one of them furnished $250 in money. The money was deposited with the clerk, who, probably without the knowledge of the defendants or their attorney of the form of the receipt, gave to the attorney for the plaintiff a receipt in this form: "Received from Charles Forbes, per T. F. Sanxay, attorney, as security for costs for the defendant, Jane B. Muxlow, pursuant to an order of this court." This in effect was an election of the plaintiff not to file the undertaking, but to obey the order by depositing the money. In my opinion the appellant Forbes was the creditor of the plaintiff in the amount deposited. For this reason the appellant was not aggrieved by the order appealed from, as he did not own the money. Order affirmed, with $10 costs.