## WHITEAKER v. STATE.

No. 1540.    Opinion Filed November 14, 1911.

Rehearing Denied December 12, 1911.

(119 Pac. 1003.)

1.  **BAIL—Criminal Prosecutions—Constitutional and Statutory Provisions.** Wilson's St. Okla. 5774, is not repugnant to section 8 of the Bill of Rights.

2.  **SAME—Criminal Prosecutions—Deposit—Recovery by Depositor.** Where, pursuant to Wilson's St. Okla., sec. 5774, permitting a deposit in lieu of bail, one other than defendant deposits the money, held, when construed with Wilson's St. Okla., secs. 5403, 5413, which make no provision that the money be returned to one other than defendant, that the same fairly require that said money so deposited should, for the purpose of the deposit, be conclusively presumed the money of the defendant and treated accordingly.

3.  **SAME.** Where, pursuant to Wilson's St. Okla., sec. 5774, a deposit of money is made with the clerk of the district court in lieu of

bail by one other than defendant, and where, upon failure of defendant to appear at the time and place required by his undertaking, default is had and a forfeiture duly entered upon the journal of the court, on petition of the person making such deposit for an order requiring the clerk to turn the money over to him, **held**, that the court did not err in refusing to grant the prayer of the petition.

4.  **SAME—Criminal Prosecutions—Relief From Forfeiture.** Where the court's order for the release ,of defendant was not signed by the judge when the same was delivered to the sheriff, in conformity to Wilson's St. Okla., sec. 5773, the failure so to do does not render unlawful the discharge thereon of the prisoner so as to save a forfeiture of the money deposited in lieu of bail pursuant to Wilson's St. Okla., sec. 5774.

5.  **BAIL — Criminal Prosecutions — Forfeiture — Entry on Minutes.** Where money is deposited in lieu of bail and the defendant fails to appear, it is only necessary, in order to declare a forfeiture, that the court should direct the fact of the deposit, and of the defendant's neglect to appear, to be entered of record. The forfeiture then follows as a matter of course.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*

*Geo. W. Clark, Judge.*

Action by J. D. Whiteaker against the State of Oklahoma. Judgment for defendant, and plaintiff brings error. Affirmed.

*M. Fulton,* for plaintiff in error.

*Sam Hooker,* for defendant in error.

TURNER, C. J.  On December 16, 1908, the county attorney of Oklahoma county filed in the district court of that county an information charging Grover C. Whiteaker with assault with intent to kill.  On the next day but one he was arraigned, and pleaded not guilty, and his bond fixed at $7,500, the same to be approved by the clerk of said court. . On December 23, 1908, there was filed in the office of said clerk an unsigned unofficial order to release, indorsed thereon:

"This is to certify that I have received this order of release on December 23, 1908, and executed on December 23, by releasing the said Grover C. Whiteaker from custody. [Signed] H. D. Garrison, Sheriff, by M. C. Binion."

On January 26, 1909, there was made and entered in said cause the following order:

"This cause coming regularly before the court for trial, the defendant comes not, whereupon he is three times loudly called to come into court and save his recognizance, but comes not, but is in default, whereupon it is ordered that the bond of the defendant be, and the same is, hereby forfeited. And it is ordered that the clerk of this court pay to the county treasurer of Oklahoma county the moneys in his hands as cash bond of the defendant, to which ruling Dr. Whiteaker excepts, and it is further ordered that the clerk issue an alias warrant for the arrest of the said Grover C. Whiteaker."

On February 16, 1909, Dr. J. D. Whiteaker, plaintiff in error, petitioned the court for an order directing the clerk to turn said $7,500 over to him, on the hearing of which it developed that the accused and petitioner were brothers; that for the purpose of furnishing him bail petitioner left his home in Kentucky and came to Oklahoma City, and deposited with the clerk of said court the money in controversy, the property of petitioner, and which is still in his hands; that thereupon the accused was released from jail as shown by said order entered upon the journal of the court, but was not placed in the custody of petitioner, and that petitioner has since been unable to surrender him. Upon this showing the court refused to grant the prayer of said petition and overruled the same, and rendered and entered judgment accordingly. To reverse said judgment this proceeding in error was commenced.

It is urged that Wilson's St. Okla., sec. 5774, which reads, "A deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail and upon such deposit the defendant must be discharged from custody," was not extended to and put in force throughout the state by section 2 of the Schedule, because repugnant to section 8 of the Bill of Rights, which reads, "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great;" and for that reason the sheriff acted without authority of law in releasing the prisoner on said deposit, which was, in effect, not an enlargement, but an escape,

and hence petitioner is entitled to recover back his money. As-suming said repugnancy to exist, and the general doctrine to be as urged, in substance, that an officer authorized to receive bail for the appearance of a person charged with crime cannot re-ceive money in lieu of bail, no such power being conferred by statute, and, if so paid in, neither the state nor county has claim to it (see *Columbus v. Dunnick*, 41 Ohio St. 602; *State v. Lazarre*, 12 La. Ann. 166; *United States v. Faw*, 1 Cranch C. C. 486, Fed. Cas. No. 15,078), petitioner is far from a recovery. This for the reason that by so doing and securing the release of the pris-oner the clerk in receiving the money and the sheriff in setting him at liberty were guilty at least, it seems, of "commiting an unlawful act tending to hinder justice," denounced by Wilson's St., sec. 2096, as a felony, and petitioner, if not an accessory un-der section 1948, was at least *in pari delicto,* and for that reason not entitled to invoke the power of this court in aid of his re-covery.

In *Smart v. Cason,* 50 Ill. 195, David C. Smart was confined in the county jail under indictment for larceny. Plaintiff in er-ror placed in the hands of William L. Simons a sum of money, and procured the enlargement of the prisoner. Defendant in error was the sheriff of the county, and Simons his deputy. The terms upon which the prisoner was released were reduced to writing signed by plaintiff in error prior to such release, the conditions of which we're similar to the condition of a recog-nizance of bail for the appearance of said Smart to answer to the charge at the next term of court, which, when done, the money was to be returned to plaintiff in error, but, failing therein, the same was agreed to be absolutely forfeited to the people and treated as if collected under a judgment upon a forfeited recogni-zance. On this evidence the trial court found the issues for de-fendant and rendered judgment accordingly, to reverse which petitioner prosecuted a writ of error. At that time no statute existed authorizing the sheriff to receive money to the amount of bail and enlarge the prisoner. Section 175 of the Criminal Code, however, declared it to be the duty of the circuit court

in which an indictment was found to fix bail for bailable offenses, and authorized and required the officers, after arresting the accused, to admit him to bail with good and sufficient security, describing the condition of the recognizance. By which it appeared that said statute did not empower the sheriff or jailer to receive a deposit of money or property for his indemnity in lieu of bail. On this state of the case the court said:

"Then, it follows that the act is unauthorized and illegal, and, if so, the sheriff has wrongfully become possessed of this money, and plaintiff in error is entitled to recover it back unless he is *in pari delicto*. That it is a flagrant violation of the duty of a sheriff or jailer to discharge a prisoner committed to his custody under proper authority, unless it be by legal requirement, there can be no question. And, should a sheriff receive a bribe for the purpose, he would no doubt render himself liable to indictment and punishment under the Criminal Code, or where the sheriff willfully, or from ignorance of his duty, unlawfully discharges a prisoner indicted for crime. Section 101 of the Criminal Code declares that if any sheriff, coroner, jailer, keeper of a prison, constable, or other officer or person whomsoever, having any prisoner in his legal custody, before conviction, shall voluntarily permit or suffer such prisoner to escape or go at large, every such officer or person so offending shall, on conviction, be fined in any sum not exceeding $1,000, and imprisoned in the county jail not exceeding six months. It is apparent that the receipt of this money for the purposes shown by the evidence was illegal, and that it did not warrant the discharge of the prisoner; and, if that was not authorized, it was in violation of section 101 of the Criminal Code, and, if so, then plaintiff in error was *particeps criminis*. There is no rule of law more firmly established than that a party who gives or pays money to induce another to commit a crime or misdemeanor, being a party to it, cannot recover it back. Although this money was not paid as a bribe, it was left as an indemnity to the sheriff to procure the release of the prisoner, and plaintiff in error thereby contributed to the breach of the law, and, from the evidence in the case, to a violation of the Criminal Code. It then follows that as plaintiff in error contributed to the wrongful discharge of the prisoner, and has thus assisted in obstructing justice, he has no right to recover this money back from defendant in error."

Thus it inevitably follows that petitioner is not entitled to recover, and that, too, on an assumption of his own choosing, that repugnancy exists as contended. But there is no repugnancy, for the reason that, conceding "all persons shall be bailable by sufficient sureties except," etc., should not be held to authorize the acceptance by the officer of a cash deposit in lieu of bail, it by no means follows that it was thereby intended that this method of enlarging a prisoner should be exclusive, or that the Legislature was thereby prohibited from providing an additional method, which it did in section 5774.

We are therefore of opinion that said section was extended to and put in force throughout the state by virtue of section 2 of the Schedule, and was and is the law of the land. That petitioner is not entitled to the moneys deposited by him pursuant thereto, but that the same must be conclusively presumed to be the property of the prisoner and deposited as his by whomsoever deposited and be so treated, is the uniform construction of similar statutes throughout this Union. And that, too, in the face of the record fact that the money was actually deposited by another and was his own. This is made apparent from the face of section 5774, which, while it seems to leave open to another to make the deposit, yet, when construed with cognate sections, they in no event provide for a return of the money to one other than the defendant, and fairly require that the money so deposited should, for the purpose of the deposit, in fact be considered the money of the defendant. Comp. Laws 1909, sec. 6742, provides:

"If the motion (to set aside the indictment) be granted, the court must order that the defendant, if in custody, be discharged therefrom, or, if admitted to bail, that his bail be exonerated, or, if he have deposited money instead of bail, that the money be refunded to him, unless it direct that the case be resubmitted to the same or another grand jury."

And section 7049 provides:

"If the court direct the action to be dismissed, the defendant must, if in custody, be discharged therefrom, or, if admitted to bail, his bail is exonerated, or money deposited instead of bail must be refunded to him."

*State v. Ross,* 100 Tenn. 303, 45 S. W. 673, was an application to withdraw a fund deposited in lieu of bail, pursuant to Shannon's Code, secs. 7131-7135, inclusive, made by the mother of the minor prisoner through her agent. The application was made on the theory· that, defendant having appeared and been sentenced by the court, the fund which had been deposited by the mother could no longer be held. After determining that the cost of the case should be paid out of the fund, pursuant to section 7135, the question confronting the court was, To whom shall the balance be paid? The court said in construing said section, which read, "when money has been deposited, if it remains on deposit at the time of a judgment for the payment of a fine and costs, the clerk shall under the direction of the court apply the money in satisfaction thereof, paying the surplus, if any, to the defendant," that New York had a similar statute, and that:

"In construing the statute, it was held that, though the money deposited in lieu of bail was so deposited by a third person, it has to be treated as the money of the defendant; that the person advancing the money did so in contemplation of the provisions of the statute; and that such money could be applied to the satisfaction of a fine imposed against the defendant. *People v. Laidlaw,* 102 N. Y. 588, 7 N. E. 910. Our statute clearly proceeds on the same theory, but the statute of Tennessee goes further than the statute of New York in providing that such deposit shall be applied to costs as well as fine, and. directs in express terms that the surplus, if any, shall· be paid to the defendant. The statute does not contemplate any inquiry into the source from which the money was received, nor what arrangement the defendant may have made to secure the same, but conclusively presumes that it is the money of the defendant, and may be applied to his fine and costs, and any balance will be paid to him"

—and entered judgment accordingly.

*State v. Owens,* 112 Iowa, 403, 84 N. W. 529, was an application to have money returned to petitioner deposited by him for defendant in lieu of bail, pursuant to a statute which provided that "defendant may at any time    *    *    *    instead of giving bail, deposit with the clerk    *    *    *    the sum of money mentioned in the order" (admitting him to bail). Another sec-

tion gave no right to return the money to one other than defendant. There, as here, the record discloses that the money was that of petitioner, and to have been received as such by the officer of the court accepting the same. The court said:

"In allowing the money to be retained and held by the clerk in the manner he did, Perry must be held to have assented to the provisions of the statute, and of the order made by the court. In so assenting the money became the property of the defendant Evans, and Evans became the debtor of Perry to the amount of the deposit. *Lyon v. Wilder* (Super. N. Y.) 1 N. Y. Supp. 421. The transaction was in effect a loan by Perry to Evans of the amount of the deposit."

In *People ex rel. Gilbert v. Laidlaw,* 102 N. Y. 588, 7 N. E. 910, one Nye, having been arrested in the city of New York charged with assault, was held to bail by a police justice in the sum of $300 for his appearance at the Court of Special Sessions, whereupon the relator, Gilbert, deposited with the county treasurer said sum, and took from him the following certificate signed by him:

"Whereas, heretofore, and on the 30th day of December, 1884 an order was made by Justice Smith, First district police, admitting the above-named defendant to bail on giving an undertaking, in the sum of $300 on a certain charge of assault. This is to certify that William R. Gilbert, for defendant above named, has deposited with me the amount of $300, the sum mentioned in said order as security for his appearance pursuant to such order, instead of the said undertaking of bail, pursuant to section 586 of the Code of Criminal Procedure."

Later, Nye appearing, he was convicted and sentenced to pay a fine, which was ordered paid from the moneys thus deposited and the surplus ordered refunded to the defendant. The issues in the case were raised by defendant's return to a writ of alternative mandamus addressed to the county treasurer commanding him to return said sum or show cause. On the trial it was shown, among other things, that the money so deposited was, in fact, Gilbert's money, and was not by him actually loaned to the defendant. There was judgment, in effect that he was not entitled to the writ, and he was taxed with the costs. The judgment was reversed on appeal to the General Term, and de-

fendant appealed to the Court of Appeals. There, in passing, the court, after quoting section 586 of the Criminal Code of Procedure, which read:

"The defendant at any time after an order admitting him to bail, may deposit with the county treasurer of the county in which he is held to answer, the sum mentioned in the order; and upon delivering to the officer in whose custody he is a certificate of the deposit, he must be discharged from custody"

—and after setting forth substantially sections 587, 588, 590-592, and 598, the latter of which provided "that when money has been deposited, if it remain on deposit and unforfeited at the time of a judgment for the payment of a fine, the county treasurer must, under direction of the court, apply the money in satisfaction thereof; and after satisfying the fine, must refund the surplus, if any, to the defendant"—construing them all, said:

"All these sections treat the money deposited as belonging to the defendant, and in all cases where money is deposited in lieu of bail it may be applied in payment of any fine imposed, and the surplus, if any, after the fine has been satisfied, must be returned to the defendant. The relator when he deposited this money must be assumed to have known the provisions of these statutes, and the deposit must have been made in compliance with them. There is no authority for the county treasurer to take a deposit in lieu of bail except by virtue of these statutes, and the deposit must be made in strict compliance with the statutes. The statutes may have been framed as they are for the very purpose of avoiding a dispute like that which has arisen in this case. If the contention of the relator be upheld, the disputes may frequently arise as to whose money was deposited, and the county treasurer can never know with certainty to whom the money is to be returned, and the court cannot know in passing sentence, or in making its order, whether the money is properly applicable upon the fine imposed. It is therefore wiser that the provisions of the statute should have their obvious meaning, to wit, the money is deposited as the money of the defendant, and, if a fine is inflicted upon him, it may be used to pay the fine, and the surplus is to be returned to him. When any party other than the defendant makes the deposit for him, it is a deposit in compliance with the statute, and the money is thus devoted to the purposes of the statute, and to the use of the defendant"

—and reversed the order and affirmed the judgment.

See, also, *Doty v. Braska et al.,* 138 Iowa, 396, 116 N. W. 141; *State v. Wisnewski,* 134 Wis. 497, 114 N. W. 1113.

It is next contended that inasmuch as the record discloses that the court's order for the release of the prisoner was not signed by the judge when it was delivered to the sheriff pursuant to Wilson's St. Okla., sec. 5773, which reads, "Upon the allowance of bail and the execution of the requisite recognizance, bond or undertaking, to the territory, the magistrate, judge or court, must, if the defendant is in custody, make and sign an order for his discharge, upon the delivery of which to the proper officer the defendant must be discharged," and which, they say, is mandatory, that said order was void, the release unlawful, and the money deposited cannot be held forfeit.

Almost an identical contention arose in *State v. Lagoni et al.,* 30 Mont. 472, 76 Pac. 1044, which was a suit against the sureties on a bail bond taken by a justice of the peace for the appearance of defendant on a day certain in the district court. After issue joined there was trial to a jury, during which certain instructions were asked, and their refusal alleged as error on appeal. In passing on one involving the point in question the court said:

"Defendants asked the court to instruct the jury that if they found 'that, although all the other requirements of the law were complied with, still if the magistrate did not make and sign an order for the release of James E. Finch, his release, if he was released, was unlawful, and the defendants cannot be held liable on the bond.' It seems that the magistrate did not make a written order releasing Finch. Section 2354 of the Penal Code provides: 'Upon the allowance of bail and the execution of the undertaking, the magistrate must, if the defendant is in custody, make and sign an order for his discharge, upon the delivery of which to the proper officer, the defendant must be discharged.' This section contemplates that, when the bail is given, the prisoner shall be discharged. The two points aimed at are securing the bond and releasing the prisoner. The intermediate steps are merely directory. An oral order of release given by the magistrate to the officer who has charge of the prisoner is a sufficient compliance with the statute so far as the prisoner and his sureties are concerned, although it shows a neglect of the statutory formalities by the justice which is far from commend-

able. If anything more is necessary, the prisoner and sureties cannot take advantage of it. The Supreme Court of California held substantially to this effect in construing section 1281 of their Code, which is identical with our section 2354. *San Francisco v. Randall,* 54 Cal. 408. And see *Dilley v. State,* 3 Idaho [Hasb.] 285, 29 Pac. 48. It reasonably appears that the justice gave an oral order to the sheriff to release Finch, and it further appears without any doubt whatever that Finch was released solely because the undertaking in question was given, and the order made."

On this point the court in *City of San Francisco v. Randall, supra,* said:

"That, after the bonds were given, no order was made or signed by the police judge for the release of the prisoner. Section 1281 of the Penal Code provides that 'upon the allowance of bail and the execution of the undertaking, the magistrate must, if the defendant is in custody, make and sign an order for his discharge, etc. The object of this provision is that, when bail has been given, the object for which the bail was given shall be accomplished, viz., the release of the prisoner from custody. There are two main points to be looked at, viz., the giving of the bond and the release which follows: The one precedes the other, and that other must follow the first. The machinery, the intermediate steps, are not essential to the validity of the bond. After the bond has been given, but one step further is necessary; and that is, that the prisoner be released. In this case it appears that the police judge made an order, delivered orally from the bench, that the prisoner be released, bonds having been given; that order was certified in writing by the clerk of the police court to the keeper of the prison, who thereupon delivered the prisoner and indorsed the discharge on the order. Thus the giving of the bonds produced the effect for which they were given. The prisoner was released from custody. He became the prisoner of his bail, who could at any time have had him arrested and surrendered, and who had undertaken and were answerable that he appear before the court in response to the charges."

It is next contended that, inasmuch as the court failed to enter upon his minutes that defendant neglected to appear according to his undertaking, whereupon the money deposited was declared forfeited, as required by Wilson's St. Okla., sec. 5776,

which they say is mandatory, that there has been no forfeiture of said money.  Not so.  It has been expressly otherwise held.

In *Morrow v. State,* 6 Kan. 222, Morrow was charged by information with grand larceny, and, after being arrested, gave his personal recognizance in the sum of $800 to appear and answer to the charge on the day certain in the district court of Miami county.  He also at the same time, in lieu of bail, deposited $800, and took the clerk's receipt therefor, who entered the facts upon the journal, and that he "approved" the same, and made the certified copy required by law on which the sheriff released the defendant.  Thereafter said recognizance was forfeited and judgment rendered against defendant and in favor of the state for $800, which was afterwards reversed on error to the Supreme Court of Kansas, where it was held that said "recognizance" was void, and the clerk had no right to take the same.  After the mandate had come down, the county attorney applied to the district court for an order on the clerk to pay to the county treasurer the money thus deposited in lieu of bail, which was sustained, and it was so ordered, to reverse which defendant brought error.  In passing upon the same objection there raised, as here, the court said:

"It is further claimed upon the argument that there has been no order declaring the money forfeited by reason of the nonappearance of the plaintiff in error to answer the charge pending against him.  This may be true as a matter of form, but we think that the record shows that the court below acted in the premises substantially as the law directs.  At the time when the plaintiff in error was to appear, he was solemnly called, but came not, as he was bound to do if he would save his money from forfeiture.  This appears of record; and thus is met the requirement of the statute that the court must direct the fact of the defendant's neglect to appear to be entered upon the minutes.  And, this having been done, the forfeiture of the money deposited in place of bail followed, under the law, as a matter of course ([Gen. St. 1868, c. 82], sec. 152), and it was not error in such cases for the court to direct the forfeited money to be turned over to the county treasurer."

There is nothing in the remaining assignments of error.

The judgment of the trial court is affirmed.

All the Justices concur.