Howard McKINLEY, one and the same person as Emory Howard McKinley, and as Emory H. McKinley, Petitioner,

v.

Earl E. JOHNSON, Justice of the Peace and Committing Magistrate of Grady County, State of Oklahoma, Respondent.

No. A–13684.

Court of Criminal Appeals of Oklahoma.

May 12, 1965.

Milton Keen, Oklahoma City, for petitioner.

Clarence Mahar, County Atty., Grady County, Chickasha, for respondent.

BRETT, Judge.

This is a matter in which Howard McKinley originally filed a petition for writ of habeas corpus, in which he alleged that he was being restrained of his liberty and was unlawfully imprisoned in the county jail of Grady County, Oklahoma. Two felony charges had been filed against petitioner, one for attempted burglary after former conviction of a felony; and the second, possession of burglary tools after former conviction of burglary.

Petitioner contends that the justice of the peace set his bond at $5,000 for each charge, and that he presented good and sufficient bonds to the justice of the peace for approval and acceptance, but they were not accepted. His petition alleges, further, that none of the proper officials of Grady County would accept the bonds for his release, that the district judge was out of the county and the bond could not be presented to him for his approval; and, finally, the county judge refused to assume jurisdiction.

This Court issued a rule to show cause, and set the matter for a hearing to be had on April 27, 1965. Prior to opening and hearing, and with permission of the Pre-

siding Judge of this Court, the petitioner withdrew his petition for writ of habeas corpus and filed his petition for writ of mandamus directed to Earl E. Johnson, justice of the peace of Grady County, asking that he be required to comply with his statutory duty to approve and accept the surety bonds. The bonds are guaranteed by the Maryland National Insurance Company, a foreign corporation authorized to do business in the State of Oklahoma in accordance with Title 18, § 481 et seq., Oklahoma Statutes Annotated.

 We find that it was error, on the part of the justice of the peace, in refusing to approve and accept the surety bonds submitted to him. The facts of this matter are essentially the same as Maryland National Insurance Company, et al. v. Honorable McInerney, Judge of the Court of Common Pleas, Tulsa County, Oklahoma, this day decided by this Court, Okl.Cr., 401 P.2d 1005, in which we directed the respondent Judge to approve and accept the bonds guaranteed by the Maryland National Insurance Company. As stated in that case:

"When the sufficiency of the surety company and its bonds are adequate, defendants are entitled to be released upon bond."

Article II, § 8, of the Oklahoma Constitution, provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

Title 22 O.S.A. § 1101 also provides:

"Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death and in such cases it may be taken by any of the persons or courts authorized by law to arrest or imprison offenders, or by the clerk of the district court or his deputy, or by the judge of such courts."

Therefore, the writ of mandamus should be, and the same is hereby granted.

BUSSEY, P. J., and NIX, J., concur.