The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. What are the maximum credits that can be given an inmate in regard to his jail sentence? Does the sheriff have the authority to give extra "earned credits" to a prisoner for good behavior and for working more hours than required? 2. What is the maximum credit allowable to a prisoner toward "working off" a fine? 3. Does the sheriff have the authority to release an arrestee from custody to reappear the following day without the arrestee posting a bond? 4. Is there legal authority for an attorney to secure the release of an arrestee from jail without posting a bond? 5. Are the court minutes legal authority for release of an arrestee ? With regard to your first question, concerning the maximum credit which can be given an inmate who is serving a jail sentence and whether the sheriff has the authority to give that inmate extra "earned credits," attention should initially be directed to 57 O.S. 65 [57-65] (1971). That statute allows the sheriff to establish rules and regulations for the jail and states that county jail prisoners are entitled to receive five (5) days credit for every four (4) days served if the prisoner obeys those rules and regulations. Title 57 O.S. 1971 65 [57-65] also provides a deduction of three (3) days for each pint of blood a prisoner donates during his first thirty (30) days of confinement and five (5) days for each pint of blood he donates during any subsequent sixty (60) day period. Title 57 O.S. 58.2 [57-58.2] and 57 O.S. 58.3 [57-58.3] (1971) allow a prisoner two (2) days credit on jail time and a $2.00 per day credit toward the payment of a fine for work performed in maintaining, repairing, or beautifying the county courthouse under the direction of the maintenance superintendent or janitor of the county courthouse when requested by the county commissioners. However, this latter provision regarding the $2.00 per day credit must be applied in a manner consistent with the constitutional and statutory provisions discussed below. In addition, 69 O.S. 1971 615 [69-615] allows a prisoner two (2) days credit for each day of road work performed on the public streets and highways of the county or the municipality located in the county. Finally, 57 O.S. 20 [57-20] (1971) provides for the credit of $1.00 per day upon an inmate's fine and costs for each day confined or for each day worked upon the "public highways, rock pile, or rock crusher, or public work." This provision must also be applied in a constitutional manner as discussed below. Title 57 O.S. 20 [57-20] (1971) also allows those prisoners who have performed "the most efficient work" and who make "the best prisoners" to receive an additional credit of one (1) day for every five (5) days of work. In your second question you inquire regarding the maximum credit allowed a prisoner toward "working off" a fine. This question cannot be answered without a discussion of the constitutional and statutory issues involved in incarcerating a person for nonpayment of a fine. In Williams v. Illinois, 399 U.S. 235,26 L.Ed.2d 586, 90 S.Ct. 2018 (1970) and Tate v. Short,401 U.S. 395, 28 L.Ed.2d 130, 91 S.Ct. 668 (1971), the United States Supreme Court held that imprisonment of an indigent prisoner for failure to pay a fine violated the equal protection clause of the Fourteenth Amendment to the United States Constitution. After those decisions, the Oklahoma Legislature enacted 22 O.S. 983 [22-983] (1971) which states: "A. Any defendant found guilty of an offense in any court of this state may be imprisoned for nonpayment of the fine and/or costs when the trial court finds that the defendant is financially able but refuses or neglects to pay the fine and/or costs. In no case may a sentence to pay a fine be converted into a jail sentence automatically, i.e., without a hearing and a judicial determination, memorialized of record, that the defendant is able to satisfy the fine and costs by payment but refuses or neglects so to do. "B. After a judicial determination that the defendant may be able to pay the fine and costs in installments, the court may order the fine and costs to be paid in installments and shall set the amount and due date of each installment. "C. The Court of Criminal Appeals shall implement procedures and rules for methods of payment of fines and/or costs by indigents, which procedures and rules shall be distributed to all district courts and municipal courts by the Court Administrator." Pursuant to Section C of that statute, the Court of Criminal Appeals promulgated Rules 5.1-5.8 of the Rules of the Court of Criminal Appeals which set forth the mechanics for the implementation of 22 O.S. 983 [22-983] (1971). In view of the foregoing constitutional and statutory provisions, statutes which set forth the amounts allowed for "working off" a fine can be applied only after a specific judicial determination that the prisoner is financially able to pay the fine and has wilfully refused or neglected to do so. Any prisoner who is held in a jail for nonpayment of a fine without such a finding by the court is being held in violation of the constitutional and statutory law set forth above. If there has been a specific judicial determination that the prison- er is financially able to pay the fine and has wilfully refused to pay such, then the provisions of 57 O.S. 58.3 [57-58.3] and 57 O.S. 20 [57-20] (1971) can be applied. Your third question concerns whether the sheriff has the authority to release an arrestee from custody to reappear the following day without the prisoner posting bail. Title 19 O.S. 513 [19-513] (1971) sets forth the duty of the sheriff with regard to the custody of prisoners in the county jail: "The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable." Title 21 O.S. 532 [21-532] (1971) sets forth the criminal sanctions for the failure of the sheriff to perform his duties with respect to the keeping of prisoners: "Every sheriff, coroner, clerk of a court, constable or other ministerial officer and any deputy or subordinate of any ministerial officer, who either: "1. Wilfully or carelessly, allows any person lawfully held by him in custody to escape or go at large, except as may be permitted by law; or, "2. Receives any gratuity or reward, or any security or promise of one, to procure, assist, connive at or permit any prisoner in his custody to escape, whether such escape is attempted or not; or, "3. Commits any unlawful act tending to hinder justice, is guilty of a felony." (Emphasis added). As stated in Whiteaker v. State, 31 Okl. 65, 119 P. 1003
(1911): "That it is a flagrant violation of the duty of a sheriff or jailer to discharge a prisoner committed to his custody under proper authority, unless it be by legal requirement, there can be no question." 119 P. at 1005. Title 22 O.S. 1101 [22-1101] (1971) allows the sheriff, after bail has been set by the court, to receive bail and then release the prisoner. Title 22 O.S. 209 [22-209] (1971) allows a law enforcement officer who has arrested a person without a warrant on a misdemeanor charge, or a violation of a city ordinance, to issue that person a citation and release him pursuant to the provisions in that statute. However, persons may be released pursuant to this statute only by the officer who made the arrest. Furthermore, this statute does not apply when the person has been arrested on an arrest warrant, since that person must first be taken before a magistrate. See 22 O.S. 172 [22-172] and 22 O.S. 181 [22-181] (1971). Violators of specified game and fish, water safety, and water pollution laws may be released by posting bond in accordance with the provisions of 22 O.S. 1111 [22-1111] (1980) et seq. Certain traffic violators may post bond pursuant to 22 O.S. 1114.1 [22-1114.1] (1971) et seq. In addition, 11 O.S. 28-114 [11-28-114] (1978) allows municipalities to establish a system for allowing the chief of police or his designated representative to accept a "temporary cash bond" under such conditions as provided by the court for arrests at night, emergencies or for when a judge is not available. However, no statutory provision exists which would allow a sheriff to release a prisoner who has been arrested for the commission of a public offense without bond prior to his appearance before a magistrate unless the sheriff himself is the arresting officer and the arrest has been made without a warrant, the offense is a misdemeanor, or a violation of a city ordinance, and a citation has been issued pursuant to the above-mentioned 22 O.S. 209 [22-209] (1971). Therefore, in view of the language of the above-mentioned 21 O.S. 532 [21-532] (1971), which prohibits release of prisoners from the county jail, "except as may be permitted by law," your second question must be answered in the negative, unless the requirements of 22 O.S. 209 [22-209] (1971) have been met. In your fourth question you inquire whether there is legal authority for an attorney to secure the release of an arrestee from jail without posting a bond. In addition to the authority discussed above, 59 O.S. 1334 [59-1334] (1971), states: "(A) Any person in custody before a court or magistrate of the State of Oklahoma subject to discretion of the court, may be admitted to bail on his personal recognizance subject to such conditions as the court or magistrate may reasonably prescribe to assure his appearance when required. Any person admitted to bail as herein provided shall be fully appraised by the court or magistrate of the penalties provided for failure to comply with the terms of his recognizance and, upon a failure of compliance, a warrant for the arrest of such person shall be issued forthwith." Title 22 O.S. 1105 [22-1105] (1971) states: "Upon the allowance of bail and the execution of the requisite recognizance, bond or undertaking, to the State, the magistrate, judge or court, must, if the defendant is in custody, make and sign an order for his discharge, upon the delivery of which to the proper officer the defendant must be discharged." (Emphasis added) Therefore, any release of a person on his personal recognizance must be secured by an order of the court after the arrestee has personally appeared before the court and been advised of the conditions of the recognizance and the consequences of his failure to appear, or in compliance with the provisions of the above mentioned 22 O.S. 209 [22-209] (1971). Even the previously mentioned provisions which allow municipalities to establish rules for release when a judge is not available, 11 O.S. 28-114 [11-28-114] (1978), require that the person who is arrested post a "temporary cash bond." Furthermore, 22 O.S. 1101 [22-1101] (1971), states: "Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death and in such cases it may be taken by any of the persons or courts authorized by law to arrest or imprison offenders, or by the clerk of the district court or his deputy, or by the judge of such courts." The phrase "shall be admitted" as opposed to the "taking" of bail is explained in 8 C.J.S. Bail, 38 (1962): "Admitting to bail or allowing bail is an entirely different act from the taking, accepting, or approving of bail after its allowance; the former, discussed infra 39a, is generally considered to be a judicial act to be performed by a court or judicial officer while the latter is merely a ministerial function which may be performed by any authorized officer." Accordingly, since "admitting to bail" is a judicial function, in the absence of a specific statute, this duty must be performed by a judge or magistrate. For example in 8 Am.Jur.2d Bail and Recognizance, 21, it is stated: "Clerks of court are ministerial officers and have no inherent power to allow bail even in those cases where the right thereto is fixed, the court being required first to determine the amount, but a clerk of court may take or allow bail in criminal cases if there is a statute giving him the right to do so." Other judicial duties, such as the decision whether to revoke a suspended sentence, the setting of the rules and conditions of probation, and the dismissal of an indictment have been held to be non-delegable in absence of a statute allowing such. See State ex rel. Oklahoma Department of Corrections v. Means, Okl.Cr., 529 P.2d 1005
(1974); In re Collyar, Okl.Cr., 476 P.2d 354 (1970); and Adams v. State, 21 Okl.Cr., 448, 209 P. 189 (1922). Furthermore, the aforementioned 21 O.S. 1971 532 [21-532], makes it a felony for a sheriff to release a prisoner in the county jail "except as may be permitted by law." The absence of a statute allowing release of an arrestee to an attorney prevents a sheriff from allowing such a release without running afoul of this statute. Finally, while 57 O.S. 43 [57-43] (1978), grants authority to the district courts to promulgate rules for the regulation and government of the jails in the county, this power is limited to the specified subject enumerated in the statute, all of which concern the health and welfare of the prisoners while they are being incarcerated, and do not apply to the method of release from jail. In addition, the statute specifically states that the rules "shall not be contrary to the law of this state." Therefore, no statutory authority exists which would allow an attorney to "sign out" an arrestee from the county jail. In response to your fifth question wherein you ask whether court minutes are legal authority for the release of a prisoner, the answer is in the negative. In addition to the above-mentioned 22 O.S. 1105 [22-1105] (1971), which states that the magistrate "must . . . make and sign an order" for the discharge of a defendant in custody, 57 O.S. 62 [57-62] (1971) states: "All instruments of every kind, or attested copies thereof, by which a prisoner's committed or liberated, shall be regularly endorsed and filed, and safely kept in a suitable box by such sheriff, or by his deputy, acting as a jailer." (Emphasis added). Title 22 O.S. 267 [22-267] (1971) also states: "If the offense is bailable, and the defendant is admitted to bail, but the bail have not been taken, the following words, or words to the same effect, must be added to such indorsement: "And that he is admitted to bail in the sum of ______ dollars, and be committed to the sheriff of the county of (or marshal of the city of _____, or as the case may be), until said bail be given." Thus, the court minute is not sufficient authority for the release of a prisoner, and any court action effecting the release of a prisoner must be performed by a court order which must be kept by the sheriff in his records. It is, therefore, the official opinion of the Attorney General that: 1. A prisoner confined in county jail is entitled to receive: a. five (5) days credit for every four (4) days worked if he obeys the jail rules and regulations pursuant to 57 O. S. 65 (1971); b. three (3) days for each pint of blood a prisoner donates during his first thirty (30) days of confinement and five (5) days credit for each pint of blood he donates during any subsequent sixty (60) day period pursuant to 57 O.S. 65 [57-65] (1971); c. two (2) days and $2.00 for work performed on the county court house pursuant to a request by the county commissioner pursuant to 57 O.S. 58.2 [57-58.2] and 57 O.S. 58.3 [57-58.3] (1971) and $1.00 per day pursuant to 57 O.S. 20 [57-20] (1971) provided that these provisions are applied in a constitutional manner as set forth in paragraph 2 below; and d. two (2) days credit for each day of road work performed on public streets pursuant to 69 O.S. 615 [69-615] (1971), with a possible additional credit of one (1) day for every five (5) days work for the prisoners who perform the most efficient work and who make the best prisoners pursuant to 57 O.S. 20 [57-20] (1971). 2. A prisoner cannot be incarcerated for the purpose of "working off" a fine until there has been a specific judicial finding that the prisoner is financially able to pay the fine and has wilfully refused or neglected to do so. If such a determination has been made, then a prisoner is entitled to receive $2.00 per day in addition to the two (2) day jail credit provision set forth in 69 O.S. 615 [69-615] (1971), for work performed on the county courthouse pursuant to a request from the county commissioners and $1.00 per day pursuant to 57 O.S. 20 [57-20] (1971). 3. A sheriff cannot release an arrestee without bond to return at a later time unless: a. the charge is a misdemeanor or a violation of a city ordinance; and, b. the arrest was made without a warrant by the sheriff himself; and, c. the person arrested has been given a citation to return in accordance with the mandates of 22 O.S. 209 [22-209] (1971). 4. An attorney may not "sign out" an arrestee from the county jail without the posting of bond. The only statutory manner of allowing the release of an arrestee without bond is pursuant to the procedure set forth in 22 O.S. 209 [22-209] (1971), or by the personal appearance of the arrestee before the court and with compliance with the personal recognizance requirements set forth in 59 O.S. 1334 [59-1334] (1971). In the absence of a statute, the judicial authority to allow release of an arrestee on a personal recognizance bond cannot be delegated by the court to an attorney. 5. Court minutes are not legal authority for the release of an arrestee. An arrestee can be released only under the authority of a written court order which either sets the amount of bail or orders the release of the arrestee pursuant to 22 O.S. 267 [22-267] (1971). This court order must be kept by the sheriff and made a part of the records of his office pursuant to 57 O.S. 62 [57-62] (1971). (David W. Lee) (Editor Note: What is " Good Time Credits "? Recognizance Bond ? See: Opinion No. 91-616 (1991) See: Okl., 890 P.2d 948 (1995), Petuskey v. Freeman