Dear Honorable Duke,
The Attorney General has received your request for an official opinion asking, in effect:
 Is 59 O.S. 1334 (1981), which provides for bail upon personal recognizance, in contravention of Article II, Section 8 of the Oklahoma Constitution because the aforesaid statute does not require the participation of a surety?
Title 59 O.S. 1334 (1981), reads as follows:
 "(A) Any person in custody before a court or magistrate of the State of Oklahoma subject to discretion of the court, may be admitted to bail on his personal recognizance subject to such conditions as the court or magistrate may reasonably prescribe to assure his appearance when required. Any person admitted to bail as herein provided shall be fully appraised by the court or magistrate of the penalties provided for failure to comply with the terms of his recognizance and, upon a failure of compliance, a warrant for the arrest of such person shall be issued forthwith."
Article II, Section 8 of the Oklahoma Constitution states:
 "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."
The term "surety" is defined in 15 O.S. 371 (1981), as being "one who, at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor." Title 59 O.S. 1321 (1981), lists those types of sureties who may secure the release of a person on bail, and mentions, among others, such sureties as insurers, professional bondsmen, cash bondsmen, property bondsmen, etc. It is readily apparent that the release of an accused on his personal recognizance pursuant to 59 O.S. 1334 (1981), does not require the participation of the type of surety described above.
However, the absence of such a requirement would cause 59 O.S. 1334
(1981), to be unconstitutional only if Article II, Section 8 can be read to forbid the release of a person from custody pending the resolution of a criminal charge unless bail is provided by a surety. On its face, Article II, Section 8 makes no such prohibition, i.e., it does not say that all persons shall be bailable "only" upon sufficient sureties. It states only that a person cannot be denied bail upon a sufficient surety, thus preventing the State from abridging a person's right to bail obtained in this manner. See McKinley v. Johnson, 401 P.2d 1007, 1008
(Okla.Cr. 1965). This provision does not specifically preclude the state from providing alternative means of bail.
An analogous issue arose many years ago regarding the predecessor statute to 22 O.S. 1106 (1981). See Wilson's Stats. of Okla. 5774. The wording of these statutes is identical and reads as follows:
 "A deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail and upon such deposit the defendant must be discharged from custody."
This section likewise does not require the participation of a surety, since the defendant himself may deposit the sum of money required to obtain his release. In Whitaker v. State, 119 P. 1003 (Okla. 1911), it was argued that this section was in contravention of Article II, 8. In answering this argument, the Supreme Court of Oklahoma stated:
 "But there is no repugnancy, for the reason that, conceding `all persons shall be bailable by sufficient sureties except,' etc., should not be held to authorize the acceptance by the officer of a cash deposit in lieu of bail, it by no means follows that it was thereby intended that this method of enlarging a prisoner should be exclusive, or that the Legislature was thereby prohibited from providing an additional method, which it did in section 5774 [22 O.S. 1106 (1981)].
 "We are therefore of opinion that said section was extended to and put in force throughout the state by virtue of section 2 of the Schedule, and was and is the law of the land." 119 P. at 1005. (Emphasis added).
We read the foregoing as a clear statement by our Court that ArticleII, Section 8 of the Oklahoma Constitution is not a limitation on the power of the legislature to authorize an additional means of bail other than that provided by sureties. Accordingly, 59 O.S. 1334 (1981), which provides for bail on personal recognizance, is no more in contravention of Article II, Section 8 than is 22 O.S. 1106 (1981), which authorizes deposits of sums of money in lieu of a surety bond.
It is, therefore, the official opinion of the Attorney General that 59O.S. 1334 (1981), which provides for bail on personal recognizance, isnot in contravention of Article II, Section 8 of the OklahomaConstitution.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
WILLIAM H. LUKER, ASSISTANT ATTORNEY GENERAL