STATE *v.* ROSS.

(*Nashville.*    February  5,  1898.)

1. CRIMINAL PRACTICE. *Fine and costs retained out of fund deposited in lieu of bail bond.*

  The fine and costs adjudged against a defendant will be retained and paid out of a fund deposited by or on his behalf in lieu of bail bond. (*Post, pp. 304, 305.*)

  Code construed: §§ 7131–7134 (S.); §§ 5997–6000 (M. & V.); §§ 5167–5170 (T. & S.).

2. SAME.  *Deposit in lieu of bail paid to defendant.*

  A deposit in lieu of bail bond, no matter of whose money, will be paid alone to defendant, or upon his order, after deducting fine and costs that he may be adjudged to pay. (*Post, pp. 305, 306.*)

  Case cited: 102 N. Y., 589.

---

FROM  DAVIDSON.

---

Appeal in error from Criminal Court of Davidson County.    J. M. ANDERSON, J.

Attorney-general PICKLE for State.

A. J. CALDWELL for Ross.

WILKES, J.    Defendant was indicted in the Criminal Court of Davidson County for the larceny of

two diamond rings. He was found guilty, and sentenced to seven years' imprisonment in the State penitentiary. He appealed to this Court, and the judgment of the Court below was affirmed at a former day of the term, and the defendant is now undergoing his sentence. Upon appeal to this Court, his bail was fixed at $3,000 by the trial Judge in the Court below. Instead of giving bond for this sum, a cash deposit of $3,000 was made in the hands of the Clerk below, and was paid over into the hands of the Clerk of this Court. Application is now made to withdraw this fund. This application is based upon the theory that the deposit was made in lieu of bond, under the provisions of the statutes (§§ 7131 to 7134, Shannon's Code), and that defendant having appeared and been sentenced by the Court, the fund cannot longer be held.

The application is made to withdraw the fund by one Fred Morrill, who claims to have made the deposit in the hands of the Clerk below as the agent of Mrs. Lizzie A. Morrill, of Boston, Massachusetts, stated to be the mother of defendant. It is alleged that the money belongs to Mrs. Morrill, and not to the defendant, and that it was not loaned to the defendant, but was deposited by the mother through her agent, the said Fred Morrill. These allegations are supported by some affidavits, and it is stated that said Fred Morrill has power of attorney from the mother to draw the fund.

The deposit of money instead of bail bond is

authorized and regulated by statute in Tennessee. Code (Shannon's), §§ 7131–7135. It is insisted by the State that before this money can be withdrawn from the custody of the Court, all the costs of the prosecution must be satisfied and paid. Section 7135, Shannon's Code, provides as follows: "When money has been deposited, if it remains on deposit at the time of a judgment for the payment of a fine and costs, the Clerk shall, under the direction of the Court, apply the money in satisfaction thereof, paying the surplus, if any, to the defendant."

Under this section of the statute, it is clearly the duty of the Court to direct the costs to be paid out of the sum deposited, and if there is a fine, that must also be paid, and, until this is done, the fund cannot be withdrawn. It follows that the costs in this cause, amounting, as shown by the Clerk, to $109.40, must be retained out of the fund, and only the balance paid over.

The next question presented, is, to whom shall the balance be paid? In New York, § 589 of the Code of Criminal Procedure, provides "that when money has been deposited (in lieu of bail bond), if it remain on deposit and unforfeited at the time of a judgment for the payment of a fine, the County Treasurer must, under direction of the Court, apply the money in satisfaction thereof, and, after satisfying the fine, must refund the surplus, if any, to the defendant"—a statute very similar to that of Tennessee. In construing this statute, it was held,

16 P—20

---

---

that, though the money deposited in lieu of bail was so deposited by a third person, it has to be treated as the money of the defendant; that the person advancing the money did so in contemplation of the provisions of the statute, and that such money could be applied to the satisfaction of a fine imposed against the defendant. *People* v. *Laidlaw*, 102 N. Y., 589. Our statute clearly proceeds on the same theory, but the statute of Tennessee goes further than the statute of New York, in providing that such deposit shall be applied to costs as well as fine, and directs, in express terms, that the surplus, if any, shall be paid to the defendant. The statute does not contemplate any inquiry into the source from which the money was received nor what arrangement the defendant may have made to secure the same, but conclusively presumes that it is the money of the defendant and may be applied to his fine and costs, and any balance will be paid to him.

The Clerk will, therefore, retain said sum of $109.40 and the costs of this application, and the balance he will pay over to the defendant, or to such person as he may direct by proper power of attorney, to be entered of record in this Court.