(38 Misc. Rep. 505.)

### PEOPLE ex rel. MEYER v. GOULD, Chamberlain.

(Supreme Court, Special Term, New York County. July, 1902.)

1. BAIL—MONEY IN LIEU OF BAIL—EXECUTION AGAINST DEFENDANT.

    Where one furnishes money to be deposited by an accused in lieu of bail, subsequent to an order discharging bail, the fund is not subject to execution against the accused.

2. SAME—REPAYMENT OF FUND.

    Money deposited by an accused in lieu of bail must, on discharge of bail, be paid to defendant, and not to one who furnished the money.

Mandamus by the people, on the relation of Anna Meyer, to compel Elgin R. L. Gould, as chamberlain of the city of New York, to pay to the sheriff a sum deposited in lieu of bail; and Newton B. Smalley petitions for an order directing payment to him. Writ and petition denied.

Sol. D. Rosenthal (Charles Haldane, of counsel), for petitioner, Anna Meyer.

T. C. Campbell, for intervening petitioner, Newton B. Smalley.

¶ 1. See Execution, vol. 21, Cent. Dig. § 140.

GIEGERICH, J.   The petitioner Meyer asks for a writ of mandamus to compel the chamberlain of the city of New York to pay over to the sheriff the sum of $1,000 which was deposited in lieu of bail on behalf of one Mary Elizabeth Fieroe by the intervening claimant, Newton B. Smalley.   Smalley's petition is for an order directing the chamberlain to pay the money in question over to him.   The facts in the case, so far as they are essential to be stated, are as follows: Anna Meyer commenced an action in the city court of the city of New York to recover from Mary Elizabeth Fieroe the sum of $1,135.14, moneys claimed to have been unlawfully appropriated and converted to her own use by the said Fieroe, who will hereafter be designated as the defendant.   Prior to the commencement of that action the defendant had been indicted for grand larceny in the first degree, on the charge of taking the moneys in question.   In that criminal proceeding an order was made admitting the defendant to bail in the sum of $1,000, and permitting her to deposit that sum in lieu of bail with the county treasurer.   Subsequently the plaintiff, Meyer, issued a warrant of attachment in her civil action, and levied upon the moneys so deposited in the hands of the chamberlain.   Thereafter an order was made in the criminal proceeding discharging the defendant from her undertaking to answer, and still later a further order was entered in that proceeding reciting the fact that such a deposit had been made by the defendant, who had been tried on the indictment, that the jury had failed to agree, and that the bail had been discharged by a former order of the court, and concluded by directing that the county treasurer refund the deposit to the defendant.   A short time subsequently judgment by default was entered against the defendant in the civil action for the sum of $1,264.41; and an execution was immediately issued and placed in the hands of the sheriff, who levied upon the deposit in question in the hands of the chamberlain, and demanded the money, which the latter refused to pay.   Immediately thereafter, and on the 22d day of May, 1902, the intervening claimant, Smalley, procured in the city court of the city of New York an order to show cause why the levy aforesaid should not be set aside, which motion was denied on the 2d day of June, 1902.   On the 22d day of May, 1902, another order was made, and entered by the said city court, directing the chamberlain to pay the deposit to the sheriff, to be applied upon the execution.   A certified copy of this latter order and of the order of the court of general sessions releasing the deposit have been served upon the chamberlain, who refuses to pay the money to the sheriff. No question of jurisdiction is raised by either side, and I shall proceed to entertain the motions upon their merits.

The statement in the petition of the intervening claimant is that the money in question is his, not the defendant's, and was deposited by him only for the purpose of saving her from imprisonment; she being unable to secure bail of the ordinary kind.   This statement she corroborates in her own affidavit.   The question here presented arose in McShane v. Pinkham (City Ct. N. Y.) 19 N. Y. Supp. 969, where it was decided that such a deposit could not be reached to satisfy a judgment in a civil action.   That decision I think unquestionably right, so far as it refused to allow the creditor to obtain the money.   It

would be impossible in most cases for accused persons to procure others to deposit cash for such purposes if the sums so deposited could be seized on civil claims against the former. One who makes such a deposit for another makes it with respect to the specific offense charged, and becomes answerable to the extent of the deposit for the accused's appearance at the trial, and for any fine that may be imposed as a result thereof, but not for a general debt of the accused. There is no more reason for depriving this claimant of his money than there would be for depriving him of his property to the same extent if he had executed a bond instead of depositing cash. In People v. Laidlaw, 102 N. Y. 589, 7 N. E. 913, it was held (reversing the general term) that money so deposited was liable to be applied in payment of a fine imposed upon the accused in the criminal action. It was there said, "When any party other than the defendant makes the deposit for him, it is a deposit in compliance with the statute, and the money is thus devoted to the purposes of the statute and to the use of the defendant;" meaning, of course, to the use of the defendant for the purposes of the statute, including a fine. The petitioner in this case is seeking to go far outside the authority of the decision just cited, and beyond the implied limits there laid down. The payment of a civil debt of the accused is not one of the "purposes of the statute." °

It does not follow, however, because the petition of the creditor should be denied, that the petition of the intervening claimant should be granted. On the contrary, from the language used in People v. Laidlaw, supra, it would seem that there is no alternative but to order the deposit to be paid to the defendant. It was there said:

"If the contention of the relator be upheld, then disputes may frequently arise as to whose money was deposited, and the county treasurer can never know with certainty to whom the money is to be returned. * * * The money is deposited as the money of the defendant, and if a fine is inflicted upon him it may be used to pay the fine, and the surplus is to be returned to him."

It is true that the attention and discussion of the court were there directed principally to the question of the relative rights to the deposit, —of the one who made it, on the one hand, to recover back his money, and of the people, on the other, to satisfy a fine out of it. But as the deposit in that case was $300, while the fine was only $250, there was a surplus, which the court could, had it been so disposed, have directed to be paid to the applicant. Not only do the remarks concerning the embarrassment and confusion that would result from the uncertainty as to whom the county treasurer should return the deposit seem to apply with equal force to the present situation, but the specific declaration that the surplus was to be returned to the defendant was made under circumstances which gave it substantially the effect of an adjudication on a point directly involved. If the intervening claim in the present case were made by the defendant as trustee to the use and benefit of Smalley, a different question would be presented. In such a proceeding the objections indicated by the court of appeals would be obviated, and at the same time the money would be secured to the true owner thereof.

The application of the judgment creditor for a writ of mandamus is denied, and likewise the prayer of the intervening claimant, but without costs in either case. Settle orders on notice.