## WILLIAM T. WAY *vs.* ALFRED M. DAY & others.

Suffolk. November 30, 1904. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Recognizance,* Bail deposit. *Assignment. Equity Jurisdiction.*

A person making a deposit of bail money, in order that another person arrested on criminal process may be allowed to give his personal recognizance under R. L. c. 217, § 77, retains the general ownership in the money subject to the pledge under the statute, and the prisoner, after having been indicted and sentenced without making default on his recognizance, cannot make an assignment of the bail money which will be good against the depositor who owns it, however the title to the money may be regarded as between the Commonwealth and the prisoner.

Whether a court of equity can interfere with the disposition of bail money deposited in order that a person arrested on criminal process may be allowed to give his personal recognizance under R. L. c. 217, § 77, which by § 79 of the same chapter and St. 1903, c. 236, is subject to the order of the court in which the money is deposited, *quære.*

Whether a court in which bail money is deposited under R. L. c. 217, § 77, to enable a person arrested on criminal process to give his personal recognizance, after the prisoner has been sentenced without making default on his recognizance can order the money to be paid to any person other than the prisoner "or his order" as directed by R. L. c. 217, § 79, St. 1903, c. 236, *quære.*

BILL IN EQUITY, filed March 3, 1904, against Alfred M. Day, Laurin Greer, and John P. Manning, clerk of the Superior Court, Criminal, for the County of Suffolk, to enforce an assignment by the defendant Day to the plaintiff of the sum of $800 deposited with the defendant Manning under the provisions of R. L. c. 217, § 77.

In the Superior Court *Sheldon,* J. made a report of the facts found by him, and made a decree dismissing the bill, with separate costs to the defendants Manning and Greer. The plaintiff appealed.

*W. B. Orcutt,* for the plaintiff.

*V. Goldthwaite,* for the defendants Day and Greer.

HAMMOND, J. The statute under which this money was deposited provides that "If a person who is arrested on criminal process has been ordered to recognize with surety or sureties for his appearance before any court, . . . he may, instead of giving

surety or sureties, at any time give his personal recognizance, and deposit the amount of the bail which he is ordered to furnish with the court, trial justice or magistrate authorized by law to take such recognizance who shall give him a certificate thereof, and upon delivering said certificate to the officer in whose custody he is, he shall be released "; and that this money shall be forthwith deposited " with the clerk of the court or with the trial justice before whom such person was recognized to appear." R. L. c. 217, § 77.

Subsequent sections of the same chapter provide (§ 78) that upon default of the defendant the court before whom the defendant was recognized to appear may order the money to be paid to the county treasurer; and further (§ 79) (St. 1903, c. 236) that the defendant may surrender himself at any time before default and the court shall thereupon order the money so deposited to be returned to him or his order.

In a word the money is placed in the possession and control of the court, with the power in the court to order it to be paid to the county treasurer in case of default, and with direction to the court in case of a surrender before default to return it to the accused or his order.

It appears that at the request of a brother of the defendant Day this money was deposited by the defendant Greer with the bail commissioner, who thereupon took Day's " personal recognizance, and returned the same to and deposited said money in lieu of sureties with the defendant Manning, as clerk of the Superior Criminal Court." Day made no default, subsequently was indicted and sentenced, and it thereupon became the duty of the court to order the money to be paid to him or his order. The court has made no such order, nor does it appear that it has been requested by the plaintiff to make any.

As to the ownership of the money, the judge before whom the present case was heard found that the defendant " Greer did not lend said $800 either to the defendant Day or to Charles H. Day, but it was and always has been the understanding of all of them that Greer retained ownership thereof in himself, though consenting that it should be held as security for the defendant Day's recognizance ; and this sum of $800 is and always has been Greer's property and is not and never has been the property of

the defendant Day ; though this fact is not shown to have been known to the plaintiff, who had been told only that Greer had put up the money " ; and having so found he ruled " that, while Greer cannot claim against the Commonwealth that this money belongs to him and not to Day, yet this rule does not protect the plaintiff or give to him any rights against the real owner of the fund and that for this sole reason the bill cannot be maintained."

We are of opinion that this ruling was correct. Even if it be assumed that a court of equity can interfere with the power and duty of the court in which the money is deposited and direct to whom it shall be paid, — an assumption attended with great, if not insuperable difficulties, — and even if it be further assumed that as between the Commonwealth and Day the money must be regarded as belonging to Day and not to Greer, and, still further, that the court in which it is deposited has no power to order it to be· paid to any other person than to Day or his order (see *Edelsten* v. *Adams*, 8 Taunt. 557 ; *Douglass* v. *Stanbrough*, 3 A. & E. 316 ; *Salter* v. *Weiner*, 6 Abb. Pr. 191 ; *People* v. *Laidlaw*, 102 N. Y. 588), still it is plain that the money being in fact Greer's and not Day's, and having been pledged only for a certain purpose, Day had no authority express or implied to divert it to a different purpose. In equity and good conscience the money should go to Greer, and as against him the assignment by Day to the plaintiff must be regarded as invalid to convey any interest in or right to the fund, and equity will not lend its aid to enable him to get possession of it.

<div align="right">

*Decree affirmed.*