No. 19,826.

Mrs. D. E. Campbell, *Appellant,* v. The Board of County Commissioners of the County of Reno et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. Money Deposit—*In Lieu of Bail—Surrender of Defendant—Ownership of Money Deposited.* The money deposited in lieu of bail by a third person to secure the release of one arrested and required to appear to answer a criminal charge is not conclusively regarded as the defendant's money, and when the purpose for which the deposit has been made is accomplished and the obligation discharged, or there has been a surrender of the defendant, the money is to be returned to the owner.

2. Same—*To Whom Defendant May be Surrendered.* A surrender of the defendant may be made to a general deputy of the sheriff, and the mere fact that a defendant has been placed under arrest ,by another officer because of the commission of another offense, shortly before an attempt to surrender was made, did not of itself render the attempted surrender invalid.

3. Same—*Effective Surrender of Defendant by Bondsman.* Shortly after the defendant had been released from custody by the giving of a deposit he was arrested for another offense, and the officer who made the arrest, at the request of the surety who made the deposit, went with the defendant to the courthouse and in the presence of a deputy sheriff and the clerk of the district court made a formal offer of surrender which was accepted by the deputy sheriff who then took the defendant into his custody, and thereupon the clerk of the district court issued a check to the surety for the amount of the deposit, and the surety in turn signed and delivered a receipt· to the clerk for the money so returned. Shortly afterward payment on the check was stopped. *Held,* in an action brought by the surety to recover the money he had deposited instead of bail, that the deputy sheriff had authority to accept the surrender of the defendant and that the surrender was effective although neither the sheriff nor his deputy acknowledged the surrender in writing.

4. Same — *Nonappearance of Defendant — Declaration of Forfeiture— Ownership of Deposit Money Not Affected.* A subsequent declaration of forfeiture because of the nonappearance of the defendant, made by the district court, to which proceeding the owner of the deposit was not a party and of which he had no notice, did not affect such owner or estop him from maintaining an action to recover the deposit.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 8, 1916. Reversed.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellant.

*E. T. Foote,* and *Herbert E. Ramsey,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Mrs. D. E. Campbell brought this action to recover $2000 which was deposited in lieu of bail to secure the appearance of John Sanders for trial in the district court of Reno county. It seems that in March, 1910, Sanders had been bound over to the district court by a justice of the peace of Reno county and his bail fixed at $2000, and O. H. Dorr in order to secure his release made a deposit of $2000 in lieu of bail by giving to the clerk of the district court a certified check payable to his order, and thereupon Sanders was released. Sanders had been extradited from Colorado on a charge of larceny. At the time set for his appearance in the district court his case was continued until the September term and the cash bond of $2000 was allowed to stand. A day or so after this Sanders, while walking along the street in Hutchinson with Dorr, was arrested by a constable of Cowley county. Dorr, Sanders and the constable then went to the courthouse, and in the presence of Dorr's attorney, the clerk Amy Alexander, and a deputy sheriff named Carl Duckworth, Dorr turned Sanders over to Duckworth, telling him that he thereby surrendered him, and demanded a return of the deposit of $2000, which was done by the clerk drawing her check for that amount. And thereupon Dorr himself formally signed a receipt of the return of the deposit upon the clerk's appearance docket. However, before Dorr cashed the check the clerk notified the bank upon which it was drawn to stop payment thereon, she having been advised by the undersheriff and the deputy county attorney to do so. Sanders was taken to Cowley county, where he was afterwards released upon a writ of habeas corpus, the process upon which he was arrested having been held void. At the time for Sanders' appearance at the September term of the court he made de-

fault and the court entered an order declaring the sum of
$2000 to be forfeited to the state of Kansas.   No process or
notice was served ·upon Dorr before the making of the order.
A demurrer to the petition was overruled and defendants filed
their answer, and at the trial an objection to the introduction
of any evidence under the petition was overruled.   The court,
after argument, sustained a demurrer to plaintiff's evidence
and rendered judgment in favor of the defendant for costs.
Plaintiff appeals.

On behalf of the defendants it is contended that no recovery
can be had by plaintiff to whom the claim was assigned by
Dorr, because the deposit made in lieu of bail must be regarded
as the money of Sanders.   The deposit was made by Dorr and
was not in fact the money of Sanders.   It was made pursuant
to the statute and stood in place of a recognizance, the obli-
gation being that Sanders would appear at the appointed time.
Under this statute the deposit is to be returned in case bail
is subsequently given for defendant, or if he surrenders him-
self in open court or to the sheriff in the prescribed way.
(Crim. Code, § 146.)   The statute does not provide that the
deposit, by whomsoever furnished, shall be presumed to be
the defendant's, nor that the ownership of the money shall be
changed by the mere fact it has been deposited to secure the
release of the defendant.   It is deposited for a specific purpose,
and when that purpose is accomplished the deposit should be
returned to its owner.   The ownership is not transferred to
another, nor can it be devoted to other purposes in the absence
of an express statute providing for such transfer or diversion.
A number of cases are cited that money deposited in lieu of
bail by a third party should be regarded as having been de-
posited by the defendant and to belong to him.   (*State of
Iowa v. Owens,* 112 Iowa, 403, 84 N. W. 529; *People, ex rel.
Gilbert, v. Laidlaw,* 102 N. Y. 588, 7 N. E. 910; *Whiteaker v.
State,* 31 Okla. 65, 119 Pac. 1003; *State v. Ross,* 100 Tenn.
303, 45 S. W. 673.)   These cases appear to rest on statutes
differing materially from our own, and some of which at least
require that the deposit shall be applied to fine or costs or both
that may thereafter be assessed against the defendant.   Under
our statute the deposit is not to be used except as bail to secure
the appearance of the defendant, and the state has no right to

hold the money as against the claim of the real owner when the purpose of the deposit has been subserved and the obligation discharged, or there has been an effective surrender of the defendant. (*Wright & Taylor v. Dougherty,* 138 Iowa, 195, 115 N. W. 908; *Doty v. Braska,* 138 Iowa, 396, 116 N. W. 141; *Way v. Day,* 187 Mass. 476, 73 N. E. 543; *People ex rel. Meyer v. Gould,* 75 App. Div. 524, 78 N. Y. Supp. 279.)

It is next contended that there was a legal and effective surrender of the defendant and hence plaintiff was entitled to the return of the money deposited. It appears that the defendant and Dorr came into the presence of the clerk of the district court and deputy sheriff and undertook to make a formal surrender. The attempt to surrender was made after the defendant had been arrested by the constable of Cowley county, and it is argued that Sanders being in the custody of the constable, an effectual surrender could not be made. Sanders was placed under arrest by the Cowley county officer, and that officer, on the request of the parties, went with Sanders to the courthouse and there permitted him to appear before the deputy sheriff and the clerk of the district court and make a formal surrender. With the view of effecting a surrender, the constable appears to have given Sanders his liberty and allowed him to pass into the custody of the deputy sheriff. After the steps toward a surrender had been taken, the check for $2000 was issued and delivered to Dorr, and a receipt for the deposit was given by him. It is said that the sheriff only took Sanders into custody and placed him in jail for the convenience of the Cowley county officer, but in view of the offer of surrender and the acceptance of the same by the deputy sheriff and the issuance of the check, all apparently with the consent of the constable, it would seem that the custody of Sanders was taken by the deputy sheriff because of the surrender and not because of the request of the constable. The mere fact that the constable previously placed Sanders under arrest did not prevent the surrender from being effective if it is sufficient in other respects.

Some contention is made to the effect that the surrender could not be made to the deputy sheriff because he was a very young man and was not entrusted with the more important duties of the sheriff's office. He was, however, appointed a

general deputy, and under his appointment he was authorized to perform any of the duties incumbent upon the sheriff, including the care and custody of prisoners. (Gen. Stat. 1909, §§ 2195, 2196; *Robinson v. Hall*, 33 Kan. 139, 5 Pac. 763; 35 Cyc. 1516.) We think the deputy sheriff has authority to accept the surrender of one for whose appearance a recognizance has been given or a deposit made. Nor can it be held that the surrender is ineffectual because the statutory method was not strictly followed. It is provided that "the bail must deliver a certified copy of the recognizance to the sheriff, with the principal; and the sheriff must accept the surrender of the principal and acknowledge it in writing." (Crim. Code, § 150.) The sheriff did not make a formal acknowledgment in writing, but the court does not regard the surrender as invalid merely because of the omission of this step where it was in fact accepted, as was done here, and where the custody of the surrendered party was in fact taken by the deputy sheriff.

It is next contended that as a forfeiture of the deposit was declared and that as this order has not been set aside, nor any appeal taken from it, it is conclusive on Dorr, the owner of the money, as well as upon the defendants. It appears that a forfeiture was declared when Sanders did not appear for trial, and this was done upon the theory that a valid surrender of the defendant had not been made. The money was a substitute for the recognizance, and the liability upon a recognizance can only be enforced against those who have become sureties for the defendant's appearance by a proceeding against them. The declaration of forfeiture was evidence of defendant's failure to appear in court and a right of action then accrued in favor of the state, but an action on the recognizance based on proper service was still necessary before a judgment could be entered against those who gave bond to secure the appearance of the defendant. In like manner, third persons who have made a deposit in lieu of bail must be legally brought into court and a judgment rendered against them before the money is finally appropriated by the state. Dorr, the owner of the money, was not served with process nor was notice of any kind served upon him or his assignee prior to the declaration of forfeiture by the court. Without legal notice to a third party who is the owner of the money de-

posited, a valid judgment forfeiting the money to the state can not be rendered against him.

It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.

JOHNSTON, C. J. (dissenting) : To accomplish the surrender of one bound by a recognizance or deposit to appear and answer a criminal charge, the statutory requirements must be followed with considerable strictness. One of the essential steps required to be taken where the bail undertakes to surrender his principal is that the sheriff must not only accept the surrender of the defendant, but that such officer must acknowledge it in writing. This was not done by the sheriff or by any of his deputies. The requirement that the acknowledgment shall be in writing is imperative in form, and in my view it is necessary in order to make an effective surrender.