[S. F. No. 8390. In Bank.—October 8, 1919.]

## ESTHER A. MUNDELL, Appellant, v. J. H. WELLS et al., Respondents; E. B. TAYLOR, Intervener.

[1] BAIL—APPLICATION IN PAYMENT OF FINE—NONLIABILITY OF CLERK.—Where cash bail was deposited for the release of a defendant charged with an offense triable in the superior court, and the clerk, as ordered by the court, satisfied the part of the judgment imposing a fine out of such bail money, neither the person who put up the bail nor a judgment creditor of the defendant had any recourse against the clerk for the recovery of the money thus applied, for the court had jurisdiction of the subject matter and could order the disposition of the money *in custodia legis*.

[2] ID.—BAIL MONEY—PROPERTY OF DEFENDANT.—In view of section 1297 of the Penal Code, money deposited for bail in a criminal action is regarded as the defendant's property, and the court is not required to protect the supposed rights of anyone who may have advanced it for him.

[3] ID.—RETURN OF BAIL—ESSENTIAL PREREQUISITE.—It is a prerequisite to the return of bail money under section 1302 of the Penal Code that the defendant offer to surrender himself to the officer to whom the commitment is directed.

[4] ID.—SECTION 1297, PENAL CODE, CONSTITUTIONAL.—Section 1297 of the Penal Code is not unconstitutional on the ground that it deprives of property, without due process of law, the person who advances the money for bail, by placing him in a different and less advantageous position than the surety on a bail bond.

[5] ID.—PAYMENT OF FINE FROM BAIL MONEY—LITIGATION OF OWNERSHIP OF RESIDUE.—Although, as between defendant and the state, money deposited for bail is regarded as defendant's property and will be applied so far as necessary to the satisfaction of the fine, nevertheless in a contest involving the residue in the hands of the

clerk after the payment of the fine, the court will inquire into who is entitled to the money, as between the one who put it up, and a judgment creditor of the defendant.

APPEAL from a judgment of the Superior Court of Contra Costa County. J. E. Barber, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Chas. S. Peery for Appellant.

T. D. Johnston, A. B. Tinning, A. S. Ormsby and T. M. Carlson for Respondents.

MELVIN, J.—Plaintiff sued as assignee of W. A. Mundell for two thousand dollars deposited with defendant Wells, who is *ex-officio* clerk of the superior court of Contra Costa County, as bail in the case of the People, etc., *v.* R. B. Cradlebaugh. The corporation defendant is the surety on the official bond of Mr. Wells, and the intervener, Taylor, asserts an interest in the money by reason of an attachment and judgment against Cradlebaugh. The plaintiff and the intervener Taylor are the appellants.

Cradlebaugh was charged with a misdemeanor triable in the superior court. After his arrest he was released on cash bail of two thousand dollars, deposited in that behalf by W. A. Mundell, who had borrowed the money for that purpose. He was preliminarily examined, was held to answer, and his bail was fixed at two thousand dollars. At his request, the fund deposited at the time of his arrest was transmitted to the county clerk. Cradlebaugh was tried and convicted; was re-admitted to bail pending sentence, and the money in the hands of Mr. Wells, as clerk of the court, was by order of court accepted as security for his due appearance for sentence.

Cradlebaugh appeared for sentence, as ordered, and his counsel in open court, not in his behalf but for those who had advanced the money in lieu of bail, sought to surrender him into custody, and asked for an order remitting the bail money "to the parties who put it up, and for the purpose of filing new bonds later on." The court did not act upon the suggestion of surrender, nor was there any ruling upon the motion to return the money. Cradlebaugh was arraigned and sen-

tenced to imprisonment for one year in the county jail and to pay a fine of one thousand dollars.

After notice of appeal, the court, on request, fixed bail on appeal, the amount being two thousand dollars. Counsel for the prisoner then asked that the bail theretofore deposited be exonerated. The court instructed him to draw the order and present it to the district attorney. Later in the day the district attorney asked for an order directing the clerk to apply one thousand dollars of the fund in his hands to the satisfaction of the fine imposed upon Cradlebaugh. After argument upon this matter, the court directed the clerk to satisfy that part of the judgment imposing a fine out of the money in his custody. He obeyed this order and offered the one thousand dollars remaining, after satisfaction of the fine, to Cradlebaugh. This sum, however, was sought to be attached in the hands of the clerk by Mr. Taylor, in an action brought by him against Cradlebaugh to recover five hundred dollars as a fee for his services as counsel in the criminal action. Mr. Taylor recovered a judgment against Cradlebaugh, which was in force at the time of the trial of the case at bar.

Upon these facts the superior court gave judgment for plaintiff against Mr. Wells, as clerk, for the sum of one thousand dollars remaining in his hands after satisfying the fine imposed upon Cradlebaugh. The court dismissed the action against the sureties on the clerk's bond and adjudged that the intervener take nothing.

Appellants, Miss Mundell and Mr. Taylor, contend that the offer to surrender Cradlebaugh into custody was sufficient to exonerate the bail; that the fund on deposit was not the property of the defendant in the criminal action out of which a fine might be satisfied, and that such payment of the fine deprived the real owner of that amount without due process of law.

[1] Even if appellants could uphold their declaration that the money deposited as bail was not in the contemplation of law the property of Cradlebaugh, but of the person who furnished it for that use, they could not prevail in this action against Wells, who, as county clerk and *ex-officio* clerk of the superior court, only performed his duty as a ministerial officer of the court, acting under the order of the judge of said court, when he applied half of the fund to the satisfaction of the fine. Regarding that portion of the fund, they can have

no possible recourse against defendant Wells. The court had jurisdiction of the subject matter and could order the disposition of the money *in custodia legis.* If the clerk had disobeyed the order of the court in this case he would have been guilty of contempt of court. A ministerial officer is protected and justified when acting under a process or order of a court possessing general jurisdiction over the subject matter, in spite of any errors committed by the court issuing the process or giving the order. (22 R. C. L. 481.)

But the court acted correctly and fully within its powers in making the order of which appellants complain. Section 1295 of the Penal Code provides for the deposit of money for the release from custody of a person held to answer. Section 1297 is as follows: "When money has been deposited, if it remains on deposit at the time of a judgment for the payment of a fine, the county clerk must, under the direction of the court, apply the money in satisfaction thereof, and after satisfying the fine and costs, must refund the surplus, if any, to the defendant." [2] It will thus be seen that in contemplation of law, so far as the criminal action is concerned, the money deposited for the purpose of insuring a defendant's appearance, is his money, and the court is not required to protect the supposed rights of anyone who may have advanced it for him. There is no pretense that Cradlebaugh in the criminal action surrendered himself into custody. His counsel, in making the motion, was seeking to protect the rights of the person or persons who had advanced the money as if bondsmen had appeared upon a written obligation. But persons who advance money in lieu of bail are not in the same position as sureties on a bond and have no such rights.

When the defendant in the criminal action appeared for sentence, the counsel for Cradlebaugh, addressing the court, said: "Now, if the court please, at this time *at the request of the bondsmen* I will ask for an order of Court surrendering the defendant into custody and for an order of the clerk remitting the bail money back to the parties who put it up, and for the purpose of filing new bonds later on." The court then proceeded to pronounce judgment. [3] From the foregoing it will be seen that there was no offer of the defendant in the criminal action to surrender *himself* "to the officer to whom the commitment was directed"—a prerequisite to the

return of the bail money. (Pen. Code, sec. 1302.) Therefore, the court was not called upon to rule upon the motion to order Cradlebaugh into custody. Consequently, the money in the hands of the clerk was a fund remaining on deposit "at the time of a judgment for the payment of a fine." Under the statute (section 1297 of the Penal Code), there was but one correct method of disposing of half of it. The court adopted that method.

[4] Appellant Mundell contends that the statute (section 1297 of the Penal Code) is unconstitutional, in that it deprives of property, without due process of law, the person who advances the money for bail, by placing him in a different and less advantageous position than the surety on a bail bond. There is no force in this contention. There is no constitutional reason why one who advances cash in lieu of bail money should occupy the identical position of a surety on a written contract. The latter is bound, and the court, clerk, and sheriff are bound, by the strict terms of the written promise, while the measure of the depositor's liability, as well as of the correlative duties of the court and its officers, are to be found in the statutes. The law does not provide for a written agreement between the state and one who advances cash in lieu of bail. It attributes the ownership of such a fund to the defendant, and one who furnishes money for the release of a person held under a criminal charge is presumed to know that fact. It is argued that the sheriff had no right to accept the money originally, and that the clerk, therefore, could not receive it in lieu of bail. But it is not contended that the money was not advanced for the purpose of obtaining Cradlebaugh's release. If it finally reached the proper judicial custody, and Cradlebaugh was in fact permitted to go at large, the plaintiff, Miss Mundell, cannot complain because the purpose of the payment by her assignor was accomplished, not by a direct deposit in court, but through the agency of the sheriff, who receipted for two thousand dollars, "being bail money, case of R. B. Henry" (one of Cradlebaugh's *aliases*).

That the money deposited for bail in a criminal action is regarded as the defendant's property is a rule sustained by the weight of authority. In *People* v. *Laidlaw,* 102 N. Y. 588, [7 N. E. 910], the court, construing statutes very similar to sections 1295 et seq. of the Penal Code of California, used the

following language: "All these sections treat the money deposited as belonging to the defendant, and in all cases where money is deposited in lieu of bail it may be applied in payment of any fine imposed, and the surplus, if any, after the fine has been satisfied, must be returned to the defendant. The relator when he deposited this money must be assumed to have known the provisions of these statutes, and the deposit must have been made in compliance with them. There is no authority for the county treasurer to take a deposit in lieu of bail except by virtue of these statutes, and the deposit must be made in strict compliance with the statutes. The statutes may have been framed as they are for the very purpose of avoiding a dispute like that which has arisen in this case. If the contention of the relator be upheld, then disputes may frequently arise as to whose money was deposited, and the county treasurer can never know with certainty to whom the money is to be returned, and the court cannot know in passing sentence, or in making its order, whether the money is properly applicable upon the fine imposed. It is, therefore, wiser that the provisions of the statute should have their obvious meaning, to wit: The money is deposited as the money of the defendant, and if a fine is inflicted upon him, it may be used to pay the fine, and the surplus is to be returned to him." Other authorities upon this subject announcing substantially the same rule are *State* v. *Wisnewski*, 134 Wis. 497, [114 N. W. 1113], *State* v. *Ross*, 100 Tenn. 303, [45 S. W. 673], *People* v. *Gould*, 38 Misc. Rep. 505, [77 N. Y. Supp. 1067], and *State* v. *Owens*, 112 Iowa, 403, [84 N. W. 529]. But it is suggested very earnestly that in California an entirely different rule has been adopted, and *Hudson* v. *Police Court of Oakland*, 39 Cal. App. 149, [178 Pac. 172], is cited to support this theory. That was a case in which a writ of review was issued against the police court of the city of Oakland, and, after hearing, the district court of appeal annulled a judgment forfeiting money deposited as bail and applying it to the payment of a fine. It appears from the opinion in that case that before trial Mr. Hudson, counsel for the defendant in a criminal action, offered to surrender said defendant. There seems to have been no question regarding the sufficiency of this offer, and the district court of appeal correctly decided that the court was bound to accept it and to return the money to the counselor who had

deposited it for his client. In the case at bar the facts are
very different. No request was made for the acceptance of
defendant's surrender in the criminal action, but the court was
asked for an order accepting his surrender by his bondsmen.
He had no bondsmen, and the court was neither bound to act
nor to regard the request for the order as a personal surrender
by Cradlebaugh to the sheriff.

[5] But although, as between defendant and the state, the
money deposited in lieu of bail is regarded as a defendant's
property and will be applied, so far as necessary, to the satis-
faction of a fine, nevertheless, in a contest like the one waged
in the case at bar involving the residue in the hands of the
clerk after the payment of the fine, the court will regard the
claims of the person who advanced the fund in order to bring
about the release of the individual held in custody. While
it is true that the statute provides for the payment to the
defendant of the surplus, if any, after satisfaction of the fine
(Pen. Code, sec. 1297), if the true ownership be litigated,
as in the case at bar, before the refunding contemplated by the
statute, the court will inquire who is, in equity and good con-
science, entitled to the money, and will award it accordingly.
In *Way* v. *Day,* 187 Mass. 476, [73 N. E. 543], the supreme
judicial court of Massachusetts was considering a judgment
dismissing a bill in equity whereby a judgment was prayed
to enforce an assignment by Day of eight hundred dollars
deposited as bail and remaining in the hands of the clerk of
the superior court after Day's conviction and sentence. It
was found in the lower court that Greer, one of the defend-
ants, had deposited the money and that it never was the prop-
erty of Day, and that court ruled "that, while Greer cannot
claim against the commonwealth that this money belongs to
him and not to Day, yet this rule does not protect the plaintiff
or give to him any rights against the real owner of the fund
and that for this sole reason the bill cannot be maintained."
In approving this ruling and the dismissal of the bill, the
supreme court used the following language: "Even if it be
assumed that a court of equity can interfere with the power
and duty of the court in which the money is deposited and
direct to whom it shall be paid,—an assumption attended with
great, if not insuperable difficulties,—and even if it be further
assumed that as between the commonwealth and Day the

money must be regarded as belonging to Day and not to Greer, and, still further, that the court in which it is deposited has no power to order it to be paid to any other person than to Day or his order (see Edelsten v. Adams, 8 Taunt. 557; Douglass v. Stanbrough, 3 Ad. & E. 316; Salter v. Weiner, 6 Abb. Pr. (N. Y.) 191; People v. Laidlaw, 102 N. Y. 588, [7 N. E. 910], still it is plain that the money being in fact Greer's and not Day's, and having been pledged only for a certain purpose, Day had no authority, express or implied, to divert it to a different purpose. In equity and good conscience the money should go to Greer, and as against him the assignment by Day to the plaintiff must be regarded as invalid to convey any interest in or right to the fund, and equity will not lend its aid to enable him to get possession of it.''

In Wright & Taylor v. Dougherty, 138 Iowa, 195, [115 N. W. 908], the question presented to the supreme court was whether or not, when money is deposited with the clerk of a court by a friendly third person to secure the release from custody of one under indictment, such fund is subject to seizure in satisfaction of the claims of judgment creditors of the indicted person. After reviewing the authorities which hold that as between the state and the person under indictment the money deposited as bail may be used in satisfaction of a fine, the court said: ''True, under the statute, the money is to be deposited in the name of the defendant, and perhaps in a sense the legal title thereto is to be regarded as in him. But the money in the hands of the clerk is no more than a deposit, and this is only in favor of the state, the other party to the transaction; and the interest of the state does not extend to the actual ownership of the money. It goes no further than that the defendant shall appear when called for trial, and that the deposit shall be available out of which to pay any fine or costs that may be assessed against him. This the depositor must be held to have agreed to. The statute goes no further, and the cases cited go no further. As between the depositor and the defendant, or his creditors, the ordinary rules of property obtain.''

We are of the opinion that the true rule is clearly set forth in the passages quoted above, and, therefore, that the surplus remaining in the hands of the county clerk after satisfaction of the fine was properly adjudged to be the money of plaintiff. We also approve of that part of the judgment imposing

costs upon plaintiff.` Manifestly, it would have been unjust to charge costs against the officer who was the mere custodian of the fund.

The judgment is affirmed.

Shaw, J., Lennon, J., Olney, J., Wilbur, J., Angellotti, C. J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.