CAHN, WAMPOLD & COMPANY ET AL. V. CARPLESS COM-
PANY ET AL.

FILED MARCH 20, 1901.    No. 9,374.

1. **Garnishment**: ATTACHING CREDITOR: DEBTOR. An attaching cred-
itor acquires no greater rights by garnishment than had his
debtor.

2. **Assignment of Judgment**: PARTIAL PRIOR ASSIGNMENT. An assign-
ment of a judgment which excepts therefrom a specific portion
thereof, previously assigned to another as security for a debt,
is not equivalent to an assignment subject to the interest of
the first assignee.

ERROR from the district court for Cass county. Tried
below before RAMSEY, J. *Affirmed.*

*Tibbets Bros., Morey & Ferris* for plaintiffs in error.

*Robert B. Windham, contra.*

NORVAL, C. J.

Joseph Klein was engaged in the mercantile business
at Plattsmouth, and as a result thereof he became in-
debted to various persons and corporations. His stock
of goods was covered by a policy of insurance in the
Western Assurance Company of Toronto, Canada, in the
sum of $2,000. The goods were destroyed by fire, and
Klein instituted an action on the policy in the district
court of Cass county, and recovered a judgment, on No-
vember 8, 1893, against the company in the sum of
$2,140.50. On July 27, 1894, he executed to his creditor,
the Citizens Bank of Plattsmouth, an assignment of a por-
tion of said judgment, to secure a *bona fide* indebtedness
of his. Said assignment is as follows:

"In the District Court of Cass County, Nebraska.

JOSEPH KLEIN, Plaintiff ⎫
       vs.      ⎬ Assignment of Judg-
THE WESTERN ASSURANCE CO. ⎭ ment.
  OF TORONTO, Defendant.

"For value received, I hereby assign and set over to

the Citizens Bank of Plattsmouth, Nebraska, all of my right, title and interest to the amount of fifteen hundred dollars of, in and to a certain judgment by me the undersigned, obtained against the above named defendant Insurance Company upon the 8th day of November, A. D. 1893, in the district court of Cass county, Nebraska, in the above entitled suit, which was then and there pending, for the sum of $2,140.50.

"And I hereby authorize the said Citizens Bank to issue execution and to collect the same in any manner that I might do if personally present, to the amount of $1,500, and to receipt and release therefor upon payment of the same.

"In witness whereof, I have hereunto set my hand, this 27th day of July, A. D. 1894.

"In presence of

"W. H. CUSHING.                    JOE KLEIN."

On December 1, 1894, Klein failed in business, and executed and delivered to Cahn, Wampold & Co., another of his creditors, as security for an indebtedness, the following assignment:

"In the District Court of Cass County, Nebraska.

| JOSEPH KLEIN, Plaintiff, | |
|---|---|
| vs. | Assignment of Judg- |
| THE WESTERN ASSURANCE CO. | ment. |
| OF TORONTO, Defendant. | |

"For a valuable consideration in hand paid, the receipt of which is hereby acknowledged, I hereby assign, sell and set over to Cahn, Wampold & Co., of Chicago, Illinois, all my right, title and interest in and to the judgment of $2,140.50, which I obtained in the district court of Cass county, Nebraska, on the 8th day of Nov., A. D. 1893, against the defendant, the Western Assurance Company of Toronto, as the same appears of record in the above entitled cause in the office of the clerk of the district court of Cass county, Nebraska, excepting the interest which the Citizens Bank of Plattsmouth and the interest

37

which Byron Clark has in said judgment as shown by assignments now on file, each of which is hereby excepted and not assigned to said Cahn, Wampold & Co. .

"In witness whereof, I have hereunto set my hand this 1st day of December, A. D. 1894.

"In presence of

"A. W. WHITE.                    JOE KLEIN."

On December 3, 1894, the Carpless Company brought an action against Klein in the district court of Cass county, aided by the attachment, to recover the amount due it from him, and Byron Clark and the Western Assurance Company of Toronto were garnished. Mr. Clark answered that he obtained for Klein the judgment against the insurance company, and that he had a lien on the judgment in the sum of $750 for service rendered, and $250 for expenses. . The Western Assurance Company answered that it was indebted to Klein by virtue of said judgment in the sum of $2,140.50. The Carpless Company subsequently obtained judgment against Klein in the sum of $341.54 and costs. It is disclosed that the lien of Mr. Clark has been paid out of funds other than those arising from the judgment on the policy of insurance, and he indorsed the following release upon the judgment docket in said cause:

"March 12, 1895. For value received, I hereby release all claim of attorney's fees in full to this date.

"BYRON CLARK."

On June 20, 1896, after the garnishment proceedings, Klein made another assignment of this judgment against said Western Assurance Company, of which the following is a copy:

"In the District Court of Cass County, Nebraska.

JOSEPH KLEIN, Plaintiff, ⎫
         vs.          ⎬ Assignment of Judgment.
WESTERN ASSURANCE CO. ⎪
  OF TORONTO, Defendant. ⎭

"I, Joseph Klein, plaintiff in the above entitled case,

for value received, and in consideration of an agreement heretofore made, and for the purpose of fully carrying out said contract and agreement and to cure any defects there may be in an assignment by me heretofore made in this case and filed, do hereby assign, set over to and fully convey all my right, title and interest in and to a certain judgment, and all accruing interest by me obtained in this case against the defendant on November 8, A. D. 1893, to Cahn, Wampold & Co. of Chicago, Ill., and hereby authorize and empower my said assignee, Cahn, Wampold & Co., of Chicago, Illinois, to receive the said moneys due upon said judgment, together with all accruing interest, to receipt for and release the same either in my name or their own as may be necessary, the same as I might or could do, hereby ratifying all they may do in the premises.

"In witness whereof, I hereunto set my hand this 20th day of June, A. D. 1896.

"In presence of

"FRANK ALSCHULER.          JOSEPH KLEIN."

On March 12, 1895, the Citizens Bank of Plattsmouth, by its receiver, entered the following upon the judgment docket in the case of Klein v. Western Assurance Company:

"March 12, 1895.    Lien of Citizens Bank of Plattsmouth is satisfied in full, and is hereby released.

"CHARLES C. PARMELE,
"*Receiver Citizens Bank.*"

In the case in which the garnishment issued, Cahn, Wampold & Co. intervened and were permitted to introduce evidence as to their interest in the said judgment of Klein against the Western Assurance Company, and on the hearing the court ordered and adjudged that the garnishee, the Western Assurance Company, should pay the amount of the judgment obtained against it into court, and that out of the same the clerk of the court should pay to the Carpless Company the amount of its

judgment against Klein, with interest and costs. To reverse this order Cahn, Wampold & Co., and Joseph Klein prosecute a petition in error.

It is argued that an attaching creditor can acquire no greater rights by garnishment proceedings than had the debtor. This is undoubtedly sound, and this court has so held. *Fitzgerald v. Hollingsworth*, 14 Nebr., 188. It therefore follows that the Carpless Company acquired by its garnishment the interest, if any, which Klein then had in the judgment against the Western Assurance Company, and no more. This is plain. It is strenuously urged that Klein had no interest in it. This contention is based upon the several assignments made by Klein already set out. It is obvious that by the assignment to the Citizens Bank Klein did not part with or transfer all his interest in the judgment. He merely assigned to the bank his right, title and interest in the judgment to the amount of $1,500 as security for an indebtedness. The judgment, to the extent it exceeded that sum, was not affected by the assignment to the bank. When the indebtedness to the bank was paid, Klein again became the owner of that portion of the judgment assigned to the bank. The assignment of Cahn, Wampold & Co., of date December 1, 1894, does not purport to transfer the entire judgment to them, but expressly excepts from the operation of the assignment "the interest which the Citizens Bank of Plattsmouth, and the interest which Byron Clark has in said judgment as shown by assignments now on file, each of which is hereby excepted and not assigned to said Cahn, Wampold & Co."

It is insisted that notwithstanding the clause in the assignment just quoted this conveyed all of Klein's interest in the judgment. To this proposition we are unable to assent. To so hold would be to disregard the plain terms of the assignment. The portion of the judgment previously assigned to the Citizens Bank of Plattsmouth was in express language excepted from the assignment, and was not transferred to Cahn, Wampold &

Co.   The assignment to them was not made subject to the lien of the bank on the judgment, but excepted from its terms the judgment to the extent of $1,500, so that when the indebtedness to the bank was paid Klein became the absolute owner of that portion of the judgment covered by the assignment to the bank, and it was subject to the payment of his debts.   Nothing can be predicated upon the second assignment to Cahn, Wampold & Co., since at the time the same was made the garnishment had become operative, and Klein's interest in the judgment had been seized thereunder.   It follows that the order of the district court must be

AFFIRMED.