ROYAL TIRE SERVICE, APPELLANT, V. GEORGE W. BELL COMPANY: HENRY J. LINDEMAN, INTERVENER, APPELLEE.

297 N. W. 88

FILED MARCH 21, 1941. No. 30967.

*Howard Saxton*, for appellant.

*Harold C. Linahan, W. W. Wenstrand, Edward Sklenicka, Frank C. Heinisch, James M. Patton* and *Finlayson, Burke & McKie*, contra.

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

In this case the Royal Tire Service caused a garnishment in aid of execution to be issued against the city of Omaha and the First National Bank of Omaha, it being alleged that each of said garnishees had funds in its possession belonging to the judgment debtors, George W. Bell and George W. Bell Company. One Henry J. Lindeman intervened and claimed to be the owner of the property garnished. From an order finding that the intervener was the owner of the garnished property, the Royal Tire Service appeals.

It appears that on November 30, 1934, the Royal Tire Service obtained a judgment against George W. Bell and the George W. Bell Company in the amount of $2,697.88. Subsequently, an execution was issued and returned wholly unsatisfied. The record shows that the city of Omaha had advertised for bids on certain paving projects in the city, which bids were to be received by the city on March 7, 1939. George W. Bell, doing business under the name of Independent Gravel and Construction Company, desired to bid upon this work, but found himself unable to post a bond or certified check for 5 per cent. of the bid as required by the city to insure performance of the contract if he proved to be the successful bidder. The intervener, Henry J. Lindeman, agreed to assist Bell in complying with this requirement, and on the morning of March 7, 1939, intervener purchased a cashier's check for $400 from the First National Bank of Omaha and delivered it to Bell, who posted it in accordance with the city's requirement. Bell was not a successful bidder, and on March 13, 1939, before the cashier's check was returned, the Royal Tire Service caused a garnishment summons to be issued and served upon the city of Omaha and the First National Bank. The trial court decided that the $400 cashier's check was the property of the intervener, Henry J. Lindeman, and consequently not subject to garnishment to pay the judgment against George W. Bell. It is the correctness of this order that we are called upon to determine.

The evidence clearly sustains intervener in his contention that he advanced the $400 for the purpose of enabling Bell to comply with the requirement of the city that a cashier's check in the amount of 5 per cent. of the bid accompany the bid. It is a fundamental rule that the claim of a judgment creditor against the garnishee in a garnishment proceeding can rise no higher than that of defendant as the principal debtor. *Cahn v. Carpless Co.*, 61 Neb. 512, 85 N. W. 538. The right of the Royal Tire Service is measured by the rights that Bell had in the fund at the time of the service of the garnishment summons.

We think the case is controlled by the principle announced in *Beaston v. Portland Trust & Savings Bank,* 89 Wash. 627, 155 Pac. 162. In that case plaintiffs brought an action against the Payette Timber & Milling Company to foreclose loggers' liens. After the property was placed in the hands of a receiver by the court, the milling company sought to secure the release of the property by procuring the Portland Trust & Savings Bank to issue its cashier's check payable to the sheriff as receiver, to be used in lieu of the property if the milling company lost the suit and the property could not be returned. The sheriff indorsed the check and delivered it to the clerk of the court, who cashed it and held the money in its stead. Judgment was later returned for the milling company. Plaintiffs, having recovered a money judgment for $1,625, thereupon caused the clerk of the court to be served with garnishment process. The cashier's check was deposited by the Portland Trust & Savings Bank to be applied to the satisfaction of the claims of the plaintiffs in the foreclosure action in case plaintiffs prevailed. But the plaintiffs did not prevail in that action and the court in holding that the proceeds of the cashier's check belonged to the Portland Trust & Savings Bank said: "But, without pursuing the inquiry further, we think it clear that the money was deposited for a special purpose, without intent on the part of the depositor to part with title unless necessary to be used for that special purpose. Were the contract, therefore, between the milling company and the bank, the milling company could not retain the money. The judgment debtors of the milling company by garnishing the money acquired no greater rights in the money than the milling company itself possessed, and, since the latter had no rights, the garnisheeing creditors acquired none." See, also, *Hamm Brewing Co. v. Flagstad,* 182 Ia. 826, 166 N. W. 289.

It is evident from the record that intervener did not intend to loan the $400 to Bell. As between Bell and intervener, Bell had no rights in the cashier's check which he could successfully assert. In the event that Bell's bid was

accepted and he failed to perform it, intervener of course knew that it would be used by the city as compensation for the breach of contract. In case the check was not used for the special purpose for which it was deposited, intervener would naturally expect its return to him. The fact that the cashier's check was made payable to the city of Omaha and not to Bell is some evidence that Bell was not invested with ownership or title to the fund represented by the cashier's check. We think the applicable rule is: The deposit of a cashier's check by a third person to enable defendant to comply with a requirement that a bid at a letting of a public contract must be accompanied by a deposit of 5 per cent. of the bid to insure its performance, if accepted, is not subject to garnishment by a judgment creditor of defendant where his bid was not accepted and the defendant had no title to the cashier's check or the fund it represented.

The courts have generally held that, where money is deposited in lieu of bail by a third person to secure the release of one charged with crime, it is not conclusively regarded as defendant's money, and when the purpose of the deposit is accomplished, the money should be returned to such third person as the owner. *Campbell v. Reno County,* 97 Kan. 68, 154 Pac. 257. See, also, *Wright & Taylor v. Dougherty,* 138 Ia. 195, 115 N. W. 908. Such situation is analogous to the one at bar.

We accept the view that the deposit of the cashier's check was special, it having been made to accomplish a particular purpose. When that purpose was accomplished the owner was entitled to a return of his deposit, whether it be a cashier's check or cash. The judgment creditor contends that it is entitled, as the result of the garnishment of the cashier's check, to all the rights of a *bona fide* holder for value before maturity. With this statement we are not in accord. The plaintiff in a garnishment proceeding is not a *bona fide* purchaser for value. He is a mere volunteer who takes only such a right as belonged to the defendant, and no more. When the bid of defendant Bell was not accepted by the city, he had no further interest in the check. He

having no interest, the judgment creditor could obtain none by his garnishment proceeding.

We find no error in the judgment of the trial court.

AFFIRMED.