CERTAIN-TEED PRODUCTS CORP., A CORPORATION, APPELLANT, v. TURNER M. CARLISLE, DOING BUSINESS AS CARLISLE INSULATION SERVICE, APPELLEE, AND OMAHA INDUSTRIAL HOUSING CORPORATION, GARNISHEE-APPELLEE.

55 N. W. 2d 489

Filed November 7, 1952. No. 33216.

*George H. Thompson,* for appellant.

*Frost, Peasinger & Meyers* and *King, Haggart & Kennedy,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On January 25, 1952, Certain-teed Products Corp., a corporation, plaintiff and appellant, obtained a judgment against Turner M. Carlisle, doing business as Carlisle Insulation Service, defendant, for $4,268.79 including interest and costs. An execution was thereafter issued on the judgment which was returned unsatisfied. After return of the execution plaintiff's attorney filed an affidavit setting forth that he had reason to and did believe that the Omaha Industrial Housing Corporation had property of and was indebted to the defendant. On the affidavit a summons in garnishment was issued and served upon the Omaha Industrial Housing Corporation as garnishee. William Parkinson, secretary-treasurer of the garnishee, appeared in open court and made answer in response to the summons. Following the answer an order was duly entered discharging the garnishee. From this order the plaintiff has appealed. The garnishee is the appellee herein.

There are numerous assignments of error but the only question for determination is that of whether or not the answer disclosed that the garnishee at the time had money or property of the defendant in its possession or control which in the garnishment proceeding could be

subjected to the payment of the judgment of plaintiff against the defendant. The district court found that it did not.

The answer disclosed that there was a credit on the books of the Omaha Industrial Housing Corporation in favor of the defendant in the amount of $4,151.98. It was explained however that this did not represent a presently enforceable indebtedness, but that it was a liability which depended upon a contingency. As substantially explained by Parkinson, Wright Realty Company was the borrower of money from the Chase National Bank for the construction of housing in Omaha, Nebraska. Wright Realty Company contracted with the garnishee to construct the housing. The defendant was a subcontractor of the garnishee. For performance of the subcontract it was agreed that the defendant was to receive $24,926. Of this amount he did receive $20,-774.02 thus leaving a credit balance on the books of the garnishee of $4,151.98. This however did not represent a present indebtedness for the reason that by the subcontract in the following terms it was agreed that the contractor, the garnishee, should not be liable to the defendant for payment in excess of the amount which the contractor receives from the owner, Wright Realty Company, for the subcontractor's work: "XVII. That the Contractor shall not be liable for, nor bound in any respect to the Sub-Contractor for the payment to him on his monthly or final estimates of any moneys in excess of the amount which the Contractor receives from the Owner for the Sub-Contractor's work." The $4,151.98 credit on the books represented the amount which had not been received for the subcontractor's work.

The plaintiff does not in the record question the authenticity of this explanation of Parkinson. Its contention is in substance that the statement as to the credit in favor of defendant on the books of the garnishee should be accepted as the admission of a present unqualified indebtedness and obligation to pay, and that

an explanation of the credit was improper and inadmissible.

This contention is clearly untenable. A judgment creditor's claim in garnishment can rise no higher than that of his debtor, who in this instance is the defendant. Cahn v. Carpless Co., 61 Neb. 512, 85 N. W. 538; Royal Tire Service v. George W. Bell Co., 139 Neb. 238, 297 N. W. 88; Smith v. Brooks, 154 Neb. 93, 47 N. W. 2d 389.

In the very nature of things under this rule of law the character and quality of the claim of the judgment debtor against the garnishee is subject to explanation by the garnishee. Otherwise the rule would have no force and effect.

The answer in garnishment shows that the liability of the garnishee was contingent and dependent upon the collection of money from a third party.

In Salyers Auto Co. v. DeVore, 116 Neb. 317, 217 N. W. 94, 56 A. L. R. 594, it was pointed out that where a future liability to a defendant was wholly dependent on the collection of money from third persons it was contingent and not subject to levy of attachment or garnishment.

The effect of the order of the district court was to say that whatever, if any, liability there was on the part of the garnishee to the defendant was contingent and dependent upon the collection of money from a third party and therefore not the subject of levy of garnishment. It was in nowise in error.

The judgment of the district court is affirmed.

AFFIRMED.